The opinion of the Court was afterwards delivered by
Parsons, C. J.
The defendant was indicted at the Municipal Court, holden in Boston, upon the statute of 1798, c. 20. <§> 2., for keeping a billiard-table, and was convicted by a verdict, and sentenced. He appealed from the sentence to this Court, and now moves that the indictment may be quashed, because the penalty for the offence is fifty dollars for the use of the town of Boston, and the foreman of the grand jury who found the bill was a taxable inhabitant of Boston, and thus interested in the defendant’s conviction.
The statute creating this offence provides that the conviction may *68 be either in this Court or in the Court of Sessions. The statute of 1799, c. 81., erecting the Municipal Court, transfers to it all the jurisdiction of the Sessions; and this statute, as well as the additional statute of 1800, c. 44., obliges it to summon the grand and petit jurors from the town of Boston.
Considering the question abstractedly, there certainly was an inter- [* 92 ] est in all the grand jury, as inhabitants of * Boston, to recover this penalty from the defendant. This interest, at common law, would be a sufficient objection; and it now is, unless by the necessary construction of our statutes this objection is removed.
As the Municipal Court has jurisdiction of the offence, and as it can proceed to indict only by the inhabitants of Boston, if the objection should prevail, that Court is in fact ousted of its jurisdiction. This consequence alone might not be a sufficient reason for overruling the exception, if the offence could be prosecuted in any other Court; for it might then be fairly presumed that the legislature did not mean to annul this objection of interest founded on the common law, as there are no express words that this offence in particular shall be prosecuted in the Municipal Court. But if the objection be allowed, the offence cannot be prosecuted in any Court.
The other Court in which this offence may be indicted, is this Court holden for this county. But by statute, a great portion of the grand and petit jurors for this Court must be returned from Boston, there being but one other town in the county. This is the small town of Chelsea, from which twelve grand jurors could not probably be returned. To allow of the objection would, in fact, then, be to repeal the statute creating this offence.
It has been argued that the legislature cannot authorize any person interested to be a judge or juror.
That great care should be taken to provide judges and jurors as free from interest as possible, there can be no doubt. It is not only a maxim of law, but a sound principle of natural justice. But it is sometimes not possible perfectly to adhere to it. Every fine to the use of the commonwealth may affect the interest of every citizen, as it may lessen the public taxes; but if citizens cannot be judges and jurors, no offences can be punished by fine. Where penalties are given to counties, the inhabitants may have an interest [ * 93 ] somewhat greater; and * where penalties accrue to towns, the interest of the inhabitants maybe a little more affected.
This is all true in theory, but in practice it cannot be believed to have any effect. As some degree of interest in all cases of public prosecutions for fines will necessarily be attached to jurors, it is foi *69 the legislature to decide when this theoretic interest shall be no good objection to a juror.
In the present case, the law must be considered as repelling the objection of interest; otherwise the offence must remain without prosecution.
It has been argued that if any degree of interest, however small, is not a sufficient objection to a juror in every case, the legislature may enact that a party may be a judge. This case cannot be supposed, nor from it ought any argument to be drawn. Indeed, to preserve the most perfect purity in the administration of justice, every interest in a juror, however remote, should, when practicable, be guarded against by the legislature. And for this reason it were to be wished that all fines should be paid into the county treasury for the use of the commonwealth. But there can be no good reason, why the legislature may not constitutionally provide that a remote and small corporate interest shall not be a legal objection to a juror’s trying a cause, in which the defendant may be sentenced to pay for the use of the commonwealth a fine imposed by a public statute.
The appeal is sustained, and the defendant must take his trial m this Court (a).

 Commonwealth vs. Worcester, 3 Peck, 464. — Boston vs. Tileston, 11 Mass. 468. Brown vs. Somerset, 11 Mass. 468. — Gage vs. Gannett, 10 Mass. 170. — Lincoln vs. Prince, 2 Mass. 541. — Hawkes & al. vs. Kennebec, 7 Mass. 461. — Pearce vs. Atwood, 13 Mass. 224.