Shaw C. J.
delivered the opinion of the Court. Several questions of considerable practical importance, are raised in the present case ; but by far the most important is, whether the circumstance that a county commissioner is a taxable inhabitant of a town through which a contemplated road is to pass, constitutes such an interest as to disqualify such commissioner from acting, upon the question of the common convenience and necessity of laying out the road.
This petition embraces two distinct proceedings of the commissioners, founded upon distinct petitions, considered and decided upon their own respective merits ; and part of the confusion and difficulty suggested in the petition for a certiorari *332 and in the argument, has arisen from considering these two proceedings together. The principal question consideied, however, whether Joel Norcross, one of the commissioners, could act, applies equally to both proceedings, as they both related to the location of roads partly within the town of Mon-son, of which town he was a taxable inhabitant.
We most cheerfully accede to the position taken in behalf of the petitioners, that every person exercising any judicial function or any discretionary authority, ought to be impartial and disinterested. This principle is" well expressed in the declaration of rights. “ It is essential to the pres ervatión of the rights of every individual, his life, liberty; property and character, that there be an impartial interpretation of the laws, and administration of justice. It is the right of every citizen to be tried by judges as free, impartial and independent as the lot of humanity will admit.” Declaration of Rights, art. 29.
The last clause intimates the necessary qualification of the general principle ; that there may be cases, in which there are small collateral and contingent interests, necessarily incident to the condition of human affairs, and to organized society, so general in their nature as not to be avoided, and therefore not to be considered as opposed to the general rule. The constitution intends to declare a great fundamental principle, leaving it to the judgment and conscience of the legislature so to apply it as to secure the great result, of substantial impartiality in all judges and functionaries exercising public authority, as far as practicable.
It has therefore been held, that it is competent for the legislature to provide by law, that a small contingent interest which a juror or judge has in common with his fellow citizens of the state, county or town, shall not disqualify him from acting as a judge or juror. Therefore where a penalty upon the conviction of the offender was given to a town, but where from the constitution of the court the offence must be prosecuted and tried before a court and jury composed of citizens of such town, the interest of such judge and jury could not be urged as an objection to the jurisdiction of the court. Commonwealth v. Ryan, 5 Mass. R. 90.
*333 Were it otherwise, there are many cases in which there would be a failure of justice, both in the civil and criminal department. All cases in which the rights and interests of the commonwealth are drawn in question, as where penalties ipon conviction are given to the commonwealth, or where its civil rights are in controversy, must be tried by judges and jurors who are citizens, and of course who are interested. One consideration which may be urged in justification of such proceeding is, that the interest which every citizen has in maintaining an impartial administration of justice, and having right and justice done to others, may be supposed to counter act and balance the minute and very remote personal interest which he may have as a member of the commonwealth. But another and perhaps more decisive consideration is, that otherwise the wheels of justice must stop ; that such a proceeding is necessary to the attainment of right; and a tribunal so constituted as to be under the influence of no other than such minute interest, is as impartial and independent as the lot of humanity will admit.
Then the question recurs, in the particular case, whether the interest which the citizen of a town has, in the laying out of a highway, is such as to disqualify him from acting as a county commissioner.
This depends upon the nature and powers of the office oi county commissioners, and the statute under which it is constituted. If it was intended by the legislature, that such an interest should not disqualify, it appears from the case already cited and the true construction of the declaration of rights, that it was competent for them so to do. The office of county commissioner is a new one, created by a recent statute, an office not known to the common law, or the early history of the commonwealth, and therefore we must seek for its description and powers in the statute, (St. 1827, c. 77,) and in the powers of those officers who formerly exercised like functions.
Their powers, though involving to a great degree the exercise of judgment and discretion, are yet rather administrative than judicial. They have no direct jurisdiction to decide upon contested rights between party and party, though their *334 decisions do collaterally and incidentally affect the rights of counties, towns and individuals, to a considerable extent, That they were not regarded as “judicial officers” by the legislature, is manifest, from the provision that they are appointed for a limited term of years ; whereas by the constitution, “judicial officers” are to hold their offices during good behaviour. They are expressly invested with power to order and direct, that part of the expense of laying out a new highway may be charged upon the county, and yet the statute expressly provides, that they shall be residents of the county. By necessary implication, the interest they must have, as contributors to the county expenses, was declared by the legislature, not to disqualify them. The interest they have as citizens of a town, is of precisely the same nature ; it may under some circumstances be different in degree.
The question then is, whether the latter interest is so distinguishable from the other, in degree or otherwise, as to constitute an exception by necessary implication. The interest is incidental, not direct; contingent, not certain. The laying out of a new highway, may be a benefit instead of a charge upon the town through which it is laid out, not merely in the accommodation obtained, but in the saving of expense. The petitions in this very case, set forth, that in consequence of the great expenses of repairing the present road, and the comparative cheapness of maintaining and repairing the new road, by its better and more favorable location, the new road would be a saving of expense to the town. This may or may not be true, but it serves to illustrate the position, that laying out a new highway may be a saving instead of a charge to the town, and therefore the pecuniary interest of the inhabitants in the question is remote and contingent.
But then it is urged, that the interest of a commissioner, as a member of the county, is necessary, and therefore was contemplated by the statute ; whereas that of a citizen of a town might be obviated by taking commissioners, standing or special, belonging to other towns. But this may not always be possible ; the contemplated county road may extend through several towns and affect every town in which the commissioners reside. As such a case may occur, and in some counties was *335 like! / to occur, and as the statute makes no provision foi excepting such a case, it seems to be a necessary inference, that the circumstance of being an inhabitant of one of the towns through which the highway was to pass, was not regarded as a disqualification of the commissioner.
We are not aware, that when the jurisdiction of laying out highways was vested in the old court of sessions, consisting of all the commissioned justices of the peace for the county, any one was disqualified who was the resident of a town through which the highway was contemplated to pass.
Considering the nature of the duties to be performed by these officers, that, by the necessary construction of the statute, their interest as residents of the county was not considered a disqualification, that the remote and contingent interest which they might have as inhabitants of a town, is such as has been often overlooked and disregarded in like cases, both by statute provision and judicial decision, and that it is not of such a nature as to constitute, by necessary implication an exception to the general authority conferred on the commissioners by the statute, we think that the commissioner, in the present case, was not disqualified in consequence of his being a citizen of Monson.[1]
The exception that one or both of the petitions was signed by the brother and son of one of the commissioners, we think, cannot be sustained. Nothing appears to show any other than a public interest in these petitioners ; they joined with others in setting forth that such a highway would be of common convenience and necessity. It does not appear that they had any private interest as landholders or otherwise, to be affected by the decision of the question. The objection therefore cannot prevail.
Whether evidence aliunde could be received upon the return of the certiorari, to show errors or irregularities not apparent upon the record, we give no opinion ; the evidence given de bene esse, upon the application to the discretion of *336 the Court has not been such as to sustain the allegations in point of fact. Upon the substantial merits of these proceedings, there is no error requiring the interposition of the Court, and therefore the petition for a- certiorari must be dismissed [2]

 See Rutland v. County Commissioners of Worcester, 20 Pick. 71

 See Rev. Stat. c. 14, § 26; Danvers v. County Commissioners of Essex, 2 Metc. 185; Ipswich v. County Commissioners of Essex, 10 Pick. 519; Rutland v. County Commissioners of Worcester, 20 Pick. 71