## The Congregational Society in Troy *versus* C. Perry.

A member of a parish is a competent witness for the parish without a release.
He who gives a note to a corporation is not to be permitted to deny that there is such a corporation.
When several promise to contribute to a common object, which they wish to accomplish, the promise of each is a good consideration for the promises of the others.

Assumpsit on a note, in these words, "January 27, 1825, For and in consideration that a fund of one thousand dollars, or upwards, be raised for the support of the ministry, in the congregational society in Troy, I promise to pay said society, in part of the fund, fifty dollars, on demand, with interest, to be paid annually.

C. PERRY."

The action was commenced on the 16th March 1832, and was tried here, upon the general issue, at April term, 1833. The defendant had given notice that he should rely, in his defence, on the facts that the plaintiffs were not a corporation, by law authorised to maintain this action, and that the action was barred by the statute of limitations.

To prove a promise, within six years, and a due organization of the society, the plaintiffs called Lyman Wright a member of the society. The defendant objected that Wright was not a competent witness by reason of an interest in the event of the suit, but he was admitted.

The defendant offered to prove that on the 12th January, 1826, he ceased to be a member of the said society, but the court rejected the evidence.

It appeared, that, on the day of the date of the note, a fund of $1000, was raised by notes of a similar import with this, and made by different persons.

A verdict was taken for the plaintiffs, subject to the opinion of the court upon the foregoing case.

*Edwards & Handerson*, for the plaintiffs.

*Wilson, Jr. & Chamberlain*, for the defendant.

The opinion of the court was delivered by GREEN, J. *

It is objected, that Wright was an incompetent witness, because he was a member of the corporation. But it is decided, that inhabitants of towns are competent witnesses for the towns in which they reside, without a release. 1 N. H. Rep. 273, *Eustis* v. *Parker*. And we are of opinion that the members of parishes and school districts stand on the same ground, and that the witness in this case was properly admitted.

And we are of opinion that it was not necessary, in this case, to prove that the corporation was duly organized. The giving of the note is an admission, by the defendant of the existence of the corporation, and he cannot now be permitted to deny that there is a duly organized corporation. Angell on Corporations, 381.

It is further contended that the defendant ought to have been permitted to show that he had ceased to be a member of the corporation. But we are of opinion that the evidence rejected was wholly immaterial. By ceasing to be a member of the society he ceased to be liable for any tax afterwards raised by the society, but he was not thereby discharged from his contract. The note was not a tax.

It is objected that the note is without consideration and void. But we are of opinion that a good consideration was shown in this case. When several agree to contribute to a common object, which they wish to accomplish, the promise of each is a good consideration for the promises of the others. 4 N. H. Rep. 533, *George* v. *Harris*.

*Judgment on the verdict.*

---

\* PARKER, J. having been of counsel, did not sit.