### The Judge of Probate *versus* Thomas S. Tillotson, & others.

In suits upon probate bonds, in order to warrant an award of execution for the benefit of any person interested in the estate, it must appear that the judge of probate, upon an application stating the claim of such person against the estate, has ordered the bond to be put in suit, and that the name of such person, with his place of residence and addition, has been endorsed in the original writ.

And in suits upon such bonds commenced in the common pleas, any person who may have obtained an order for the purpose from the judge of probate, may have his name endorsed on the original writ, after the cause is brought by appeal to this court.

It is no valid objection to a decree of a judge of probate ordering the claims of the creditors to an estate, which has been administered in the insolvent course, to be paid in full, that the judge was himself a creditor.

Judge of probate,
v.
Tillotson & a

DEBT upon a probate bond, given by Thomas S. Tillotson, administrator of the goods and estate of John M. Tillotson. After judgment had been rendered, in favor of the plaintiff for the penalty of the bond, upon a hearing in chancery, under the statute of July 2, 1822, regulating suits on bonds given to the judge of probate, it appeared that Adino N. Brackett and Samuel A. Pearson, on the 15th January, 1829, made application to the judge of probate for an order to put the bond in suit, in order that the said Brackett might recover the sum of $681 01, recovered against the estate of John M. Tillotson, before the superior court of judicature, in this county, November term, 1825, and also $10,34, allowed by the commissioners on said estate, and the said Pearson, the sum of $329 23, allowed by said commissioners to said Pearson, Benjamin Boardman, and Simeon Eastman. The application was signed by Pearson " for himself and as attorney to Benjamin Boardman and Simeon Eastman."

On the 16th January, 1829, the judge of probate ordered a suit upon the bond.

The writ was endorsed as follows :

" 1829, January 17, Adino N. Brackett, of Lancaster, in the within mentioned county, Esquire, first endorser, interested in the within suit to the amount of $691 35, with interest on the whole."

" January 17, 1829, Samuel A. Pearson, of Lancaster, in the within mentioned county of Coos, Esquire, Benjamin Boardman, of said Lancaster, Esquire, Simeon Eastman, of Landaff, in the county of Grafton, gentleman, Joseph Bell and John Nelson, of Haverhill, in the county of Grafton, Esquires, Asahel Going, of Lancaster, Esquire, by their Attorney, S. A. Pearson, all interested to the amount of $500."

At the July term of the superior court, in this county,

1829, the names of Thomas Carlisle, Charles Bickford, Joshua Kimball, David Stone and Josiah Bellows, 3d, partners, Francis Woolley, Phillip Hall, administrator of Shubael Babcock, Thomas Dennison, administrator of Bailey Dennison, Guy C. Cargill, with their places of residence and additions, were, with the leave of the court, endorsed upon the writ.

It appeared that the estate of the intestate was administered in the insolvent course, and that on the 30th October, 1830, the judge of probate made an order and decree that the sums found due to the creditors by the commissioners be paid to the creditors, in full satisfaction of their claims against the estate.

In the list of claims allowed by the commissioners were the following :—

| | |
|---|---|
| Adino N. Brackett | $10 34 |
| Also to said Brackett, on a note signed by C. J. S. and others as corrected by court | 681 01 |
| S. A. Pearson | 20 21 |
| Benjamin Boardman | 27 02 |
| Simeon Eastman | 320 00 |
| Joseph Bell | 41 70 |
| John Nelson | 27 55 |
| Asahel Going | 65 00 |
| Thomas Carlisle | 332 04 |
| Charles Bickford | 96 50 |
| Joshua Kimball | 145 00 |
| Stone & Bellows | 171 34 |
| Francis Woolley | 549 67 |
| Phillip Hall, adr. | 24 00 |
| Th. Dennison, adr. | 59 44 |
| Guy C. Cargill | 160 54 |

It also appeared that the judge of probate, who made the decree of distribution, was a creditor to the estate to the amount of $2 61, and his claim was included in the decree.

On the part of the defendants it was objected,

1. That in the application to the judge of probate for an order to institute the suit, there was not a proper description of the claims sought to be recovered.

2. That the decree of distribution was not according to law, because the sums allowed by the commissioners was ordered to be paid in full of the claims without interest.

3. That there was not a description of the claims sought to be recovered, in the endorsements upon the writ.

4. That the decree of distribution was void because the judge of probate was interested in the estate as a creditor.

5. That no additional names could be endorsed upon the writ, after the cause was removed by appeal from the court of common pleas to the superior court.

*J. Smith,* & *Pearson,* for the plaintiff.

*Bell* & *Wilson,* for the defendants.

RICHARDSON, C. J. delivered the opinion of the court.*

It is contended in this case, that the suit has been commenced without a proper application to the judge of probate for the purpose, and that the writ has not been so endorsed as to entitle the creditors, whose names are upon the writ, to have execution. But we are of opinion that these objections are not well founded.

When a suit is to be instituted upon a probate bond for the benefit of any person interested in the estate of the deceased, the statute requires that an application be made to the judge of probate for an order to commence a suit, and that the interest and claim of the applicant be stated in the application. The object of this is that the judge of probate may see, before he makes the order, that there is a legal claim which may be enforced by a suit upon the bond, and that the executor or administrator may understand what is sought to be recovered. And

---

*Parker, J. having been of counsel did not sit.

no execution for the benefit of any person interested in the estate can be awarded unless such an application is produced. It is not necessary that the claim be described with any great degree of formality ; but it must be so designated that its nature can be ascertained.

It is said that the claims of Brackett and of Pearson, Boardman and Eastman, are not well described in the application. But the application shows two claims of Brackett ; one, a sum allowed by the commissioners, the other, a claim settled by a judgment of this court. It does not appear how that judgment was rendered, but it was probably upon an appeal from the decision of the commissioners. We think these claims are well enough described.

The gross amount of the claims of Pearson, Boardman and Eastman, is stated to be $329,23, allowed by the commissioners. But the sum actually allowed by the commissioners was $367,23. This mistake is not however material. The application shows with sufficient certainty what they sought to recover.

Another objection to the endorsement upon the writ is, that it does not contain a description of the claims sought to be enforced. In order to entitle any person interested in the estate to an award of execution, it is necessary to show that his name has been endorsed upon the writ with his place of residence and addition. But the statute does not require the nature of his claims to be stated in the endorsement.

Another objection to the endorsement is, that the names of some endorsers were placed upon the writ after the cause was removed by appeal from the common pleas to this court. But the statute which provides for the admission of persons interested in the estate to become parties to an action upon a probate bond during its pendency, is general, and is not confined to the pendency of the suit in the court where it was commenced. And any person who has obtained from the judge of probate an

order for the purpose, has a right to have his name endorsed upon the original writ in whatever court it may remain.

It is farther contended, that the decree of the judge of probate, ordering the estate to be distributed among the creditors, is void; in the first place, because, although the estate was not in fact insolvent, yet no interest is ordered to be paid upon the sums allowed by the commissioners. But it seems to us that if the creditors make no objection on this account, these defendants cannot be permitted to object.

In the next place, it is said, the decree is void because the judge of probate was interested in the estate. It is true that a judge has, in general, no jurisdiction to try a cause, in which he is interested. 5 N. H. Rep. 98; 5 Mass. Rep. 90; 5 Pickering, 483.

In this state it is provided, by statute, that when a judge of probate is interested in an estate, the account of the executor or administrator shall be settled by the judge of probate of some adjoining county. But no provision is made for any other case. It was probably supposed that in all other cases an appeal would be remedy enough.

How it may be with respect to his own claim need not be now settled; but we are of opinion, that with respect to other creditors it is no objection to the decree that the judge of probate was interested in the estate.

*Execution awarded for the amount of the claims and interest.*