## JANUARY TERM, 1847.

### PECK AND AL. v. THE FREEHOLDERS OF ESSEX.

In a suit by the Chosen Freeholders of a County on a Collector's Bond, it is good cause of challenge to the judge and to each juror, that he is an inhabitant, freeholder, and tax payer of the county suing; and it is good cause of challenge to the array that the plaintiff is an inhabitant, freeholder and tax payer of the county.

Error to the Supreme Court.

This action was instituted in the Circuit Court of the County of Essex, by the defendants in error, against A. Peck and his sureties, on a bond executed by them conditioned for the faithful performance by Peck of the office of County Collector for the year specified in said bond. The declaration set forth the breaches of the condition, to which the defendants pleaded the general issue and several special pleas. The cause was tried before HORNBLOWER, C. J., and upon the trial the defendants interposed written challenges severally to the Court, to the array and to the polls, for the same cause, to wit: that the Judge, the Sheriff, and the individual Jurors, were inhabitants of the county of Essex, and owners of land and other taxable property in said county, and liable to be taxed, and bound by law to contribute towards the expense of the suit; and that the debt, if recovered, would be recovered and received to their use, in common with the other taxable inhabitants of that county, and that they were consequently interested in the event of the suit. To these several challenges, the plaintiffs below filed their demurrers, which were sustained by the Court and the challenges overruled.

To this decision of the Circuit Court the plaintiffs in error excepted, and removed the cause by writ of error to the Supreme Court, and assigned the overruling of these challenges among other causes as reasons for reversal. On the hearing of the cause in the Supreme Court, the Chief Justice (HORNBLOWER) was again challenged, because he " as judge of the Circuit

Court of the county of Essex, (in which court the cause, the final judgment and proceedings were originally commenced and finally determined before removal to the said Supreme Court by writ of error) presided upon the trial of said cause in said Circuit Court, and upon such trial, formed and delivered his opinion upon the matter in question in this cause," which challenge was overruled by the Supreme Court, and the CHIEF JUSTICE presided in the Supreme Court at the argument and decision of the cause. The judgment below was affirmed in the Supreme Court, NEVIUS, J. dissenting (*Spencer* 457) and the cause removed to this court by writ of error. The overruling of the above stated challenges were among other causes assigned as reasons of reversal in this court.

RANDOLPH, J. I think the judge who tried the cause at the Circuit was interested in the event of the suit, which was brought on a collector's bond by the Board of Chosen Freeholders of the county of Essex, for the use of the county. The judge was an inhabitant, a freeholder, and a tax-payer in the same county. If the suit should terminate against the plaintiffs, the judge would be the loser, by the amount of his proportion of the tax required to make up the loss, and if in favor of the county, he would be the gainer by the same proportion, so that at all events he must either gain or lose, and so be interested in the event of the suit, and thus disqualified to sit in judgment thereon, according to the first section of the act the better to promote the impartial administration of justice passed *Feb.* 24, 1820, *R. L.* 688. This statute, however, introduced no novel position. That a man should not sit in judgment in his own cause, is as old as the common law, and an act of Parliament which should declare that he could, is said to be void. *Hobart R.* 87; 12 *Mod.* 687; *Hackett* v. *Braddock*, 3 *Burr*, 1847–58. In this last case *Ld. Mansfield* says the minuteness of the interest is of no importance—prior to *Bent* v. *Baker*, 3 *T. R.* 27, it would have disqualified a witness, though the interest were merely in the question, and not in the event of the suit ; and if a small remote interest would disqualify a witness, much more should it a judge or juror, for with them there can

be no such distinction as competency and credibility; for that reason the old strict rule of competency has never been relaxed in regard to jurors, as in the case of witnesses. 2 *John R.* 194. The interest in this case, however, is not merely in the question, but is in the event of the cause, and was considered of such a character as to require the Legislature to determine whether it should disqualify a witness, or merely pass to his discredit.

The judge who tried the cause at the Circuit, also sat in the Supreme Court on the argument of the case in error, and this is also taken by the party as an exception, and I think well taken, upon the same ground as the last point. If competent to sit in the Court below, much more must he be in the court above, sitting in error on the same cause. Under this exception, another ground was taken, viz : whether under the statute of 1820, *R. L.* 648, a judge who tried the cause in the Circuit Court, was competent to sit on the review of his own judgment by writ of error in the Supreme Court. Upon this question it is not necessary for the decision of the cause, to express any definite opinion ; it may therefore be left without further notice for future consideration.

The challenges to the array and to the polls, because the Sheriff and Jurors were inhabitants, freeholders and tax-payers in the county of Essex, I think were well taken. The Board of Chosen Freeholders were but the agents and trustees for the whole county, and every tax-payer might therefore be considered in some sense a party to the suit. But the true ground of objection is not that they were parties or corporators, but that they were interested in the event of the suit, and this is a principal challenge. 3 *Blk. Com.* 363. The same principle and cases apply to these challenges, as were considered applicable to the judge. Thus in *Hacketh* v. *Braddock*, the suit was by the town of Chester to recover a penalty, one-third of which went to the town, it was brought in the postmote court held by the Mayor, and the Court, Sheriff, and Jury were all held to be disqualified on account of interest in the event of the suit. The same principle is sustained in *The City of London* v. *Wood*, 12 *Modern* 669 ; also in 6 *Modern* 307 ; *Salk.* 396–7 ;

Perth Amboy Man. Co. v. Condit & Bowles.

3 *Bacon, tit. Juries* 755–6 ; *Trials per Pais Ch.* 9 ; *Hawk* v. *Inhabitants of Kennebeck,* 7 *Mass.* 461 ; and in *The Commonwealth* v. *Bryan* 5 *Mass.* 90, which case also recognizes the rule with the qualification, where from necessity the case could have been tried before no other court or jury—the present case does not come within the exception, what is a case of necessity, may well be left to be determined whenever it shall arise. I do not see that the selection of the jury under the statute, can obviate the objection either to himself or to the jury.

I think the judgment should be reversed.

The judgment of the Supreme Court was unanimously reversed.

CITED *in State* v. *Crane,* 7 *Vr.* 397–398.