## COMMONWEALTH vs. HENRY EMERY.

By *St.* 1848, c. 331, § 4, exclusive jurisdiction is given to the police court of Lowell, over all offences committed in that city, and this jurisdiction is not affected by *St.* 1852, c. 322, § 8, authorizing a prosecution of certain offences " before any justice of the peace, in the county where the offence was committed," although the judge of the police court of Lowell, as a tax-payer therein, is interested in the penalty arising from convictions under that statute

THIS was a complaint under *St.* 1852, c. 322, § 8, concerning the manufacture and sale of spirituous and intoxicating liquors. The complaint was made to Timothy Pearson, Esq. a justice of the peace for the county of Middlesex,

and his warrant issued thereon, was dated at Lowell, in said county. A trial was had, and judgment rendered against the defendant by said magistrate, and an appeal was taken to the court of common pleas. In the copy of the judgment, said Pearson was described as of Dracut, in said county, but the trial and conviction are set forth as being had in Lowell; and the warrant on the original complaint ordered the defendant to be brought before the justice at a place in Lowell, to answer to an offence alleged to have been committed in Lowell. It was admitted that at the date of the complaint the judge of the Lowell police court was a citizen and tax-payer of Lowell.

At the trial in the court of common pleas, at the June term, 1853, before *Wells*, C. J. the defendant moved to dismiss for want of jurisdiction in the magistrate before whom the proceedings were had; but the motion was overruled, and the defendant was found guilty by the jury. The defendant then moved in arrest of judgment for the same cause, and the presiding judge, deeming the questions presented so important and doubtful as to require the decision of the supreme judicial court, reported the same with the consent of the defendant, for their consideration.

*J. G. Abbott*, for the defendant.

*R. Choate*, (attorney-general,) for the commonwealth.

SHAW, C. J. It is contended by the defendant, that, by the law constituting the police court of Lowell, and the laws in addition thereto, exclusive jurisdiction of the offence was given to the police court of Lowell, and of course, that the proceedings in the present case were irregular and void.

It was intimated by the attorney-general, that the ground on which the jurisdiction of a magistrate of the county, not residing in Lowell, was claimed, was this: Inasmuch as the penalty in this case would go to the town, the judge of the police court, being a tax-paying inhabitant of the city, would have an interest in the penalty, and so would be disqualified from acting as a judge; and so another justice of the peace of the county would of necessity have jurisdiction, to prevent a failure of justice.

It is not easy to perceive the correctness of this conclusion, so as to confer jurisdiction on another magistrate. If the law in terms conferred an exclusive jurisdiction on the police court, and it should turn out that the justice of that court was interested in the penalty, and no provision in the particular case for transferring such jurisdiction to another tribunal, one of two consequences would follow: either that the legislature foresaw such consequence, and intended to confer such jurisdiction, notwithstanding the remote and theoretic interest of the judge—which the legislature might well do—and so such interest would not disqualify or oust him of his jurisdiction; or, they did not foresee such consequence or intend to confer such jurisdiction, and, therefore, made no alternative provision in case of a judge so interested. In such cases, the law would be defective. But it is not easy to perceive how this would vest the jurisdiction in a magistrate from whom by the law it had been taken away, although formerly, and under other provisions of law, he had jurisdiction in similar cases. If indeed, as is contended in another part of this case, hereafter to be stated, the act of 1852 gave jurisdiction to any and all magistrates, there would be no necessity in the present case to rely on the interest of the judge of the police court of Lowell, in order to give jurisdiction to a justice of peace in Dracut.

But the ground ultimately relied upon by the attorney-general to sustain the jurisdiction of the magistrate of Dracut in the present case, is, that by the act of 1852, respecting the manufacture and sale of liquors, the exclusive jurisdiction given to the police court of Lowell, and to all police courts, in the cities and towns where they have been heretofore established, has been taken away; that the law conferring such jurisdiction has been *pro tanto* repealed; and that jurisdiction, to commence proceedings, to try, decide, convict, and sentence in all cases falling within this class of offences, has been conferred on all police courts and justices of the peace.

The *St.* of 1852, *c.* 322, being the act commonly called the liquor law, provides (section 8) that the penalty therein declared may be recovered by action of debt, or by complaint

before any justice of peace, or judge of any police court in the county where the offence was committed.

From this language it is argued, that by the literal terms of the act, jurisdiction is given to any justice of peace of the county ; that this being later in time than the law which gives exclusive jurisdiction, repeals it ; and that there are reasons, growing out of the law itself, if it were open to contention, to induce a belief that such was the intention of the legislature.

The literal interpretation and application of an act of the legislature must undoubtedly be adopted, when there is nothing to qualify and control the terms of it, because it is the best and most authoritative proof of the intent of the legislature ; but when it is so controlled or modified by other parts of the same act, or by other acts referred to, then such exposition will be put upon it as to carry into effect the intent of the legislature thus ascertained.

On consideration, the court are of opinion that the *St.* of 1852 did not alter or change the preëxisting laws of the commonwealth, distributing the jurisdiction over offences between the justices of police courts, where they were established, and justices of the peace where police courts were not established. The clause cited provides that the penalty may be recovered by complaint before any justice of the peace, or judge of any police court, in the county where the offence was committed.

This must be construed, as all other statutes are construed, with reference to prior acts, and in subordination to existing laws. To understand and apply it, we must refer to those laws, to ascertain what was the jurisdiction of justices of peace and police courts, respectively, and thence to determine what was the intention of the legislature in the clause in question.

The latest statute on the subject of the police court of Lowell, ( *St.* 1848, *c.* 331, § 4,) declares that the exclusive jurisdiction of the crimes and offences committed within the district of Lowell shall be vested in said police court, to be exercised according to the laws of the commonwealth. This is one of the various acts for the establishment of police courts in the cities and larger towns of the commonwealth, com·

mencing, we believe, with the act establishing the police court of the city of Boston.   *St.* 1821, *c.* 109.

The original act, establishing the police court at Lowell, (*St.* 1833, *c.* 64, § 1,) provided that that court should have cognizance of all crimes, &c. whereof justices of the peace now have, or may hereafter have jurisdiction, &c.   It looked to the jurisdiction given in terms to justices of the peace, as the measure of the power given by that act; and that, too, whether it was given to them by any former act, or whether it might be given by any subsequent act.

The object and policy of these laws for the establishment of police courts, as was well understood, was to constitute a court of a more permanent character, and under a more competent judge, and to be in constant or frequent session, in all large places, having people enough to render such courts necessary; leaving the jurisdiction of justices of peace as before in other places.   And it was necessary to carry this policy into effect, that the jurisdiction of police courts, where they were established, should be exclusive.

Now, with reference to these laws, giving jurisdiction over crimes, the clause in question, giving jurisdiction to any justice of peace, or judge of any police court, according to a well-known rule of exposition, *reddendo singula singulis*, must, we think, be construed distributively, that is, to judges of police courts where by existing laws they are established, and to justices of the peace elsewhere.

This conclusion results from the usual practice, and obvious expediency in legislation, of using general terms.   Having once settled by general laws, that certain courts, under certain circumstances, and within prescribed limits, shall have exclusive jurisdiction of causes cognizable by law by justices of the peace, this is to be regarded as applicable to all causes so cognizable, whether made so by a law then existing, or afterwards to be passed—because the same considerations of reason and policy apply to them, unless the legislature manifest an intention to alter the law in this respect; which intention, as already stated, is not manifested by these general words.

Several other provisions are to be found in this statute,

where a literal interpretation would manifestly be inconsistent with the plain intent of the legislature. For instance, in section 14, if any three voters in the town or city, where the complaint · shall be made, shall, before any justice of the peace, or judge of any police court, make complaint, &c. said justice or judge shall issue his warrant of search, &c.; not limiting it even to the town or county where the offence is committed, or where the defendant resides. A literal interpretation would give the authority to issue search warrants to all justices of the peace in any part of the common· wealth. But it is to be construed in reference to their respec· tive jurisdictions, as established by law.

Adopting the construction, then, that the legislature did not intend to extend a jurisdiction over this class of offences to all justices of the peace of the county where police courts, invested · with exclusive jurisdiction within certain judicial districts, have been established, the result is, that by the terms of existing laws, this jurisdiction was given to the judges of police courts, and that jurisdiction they must exercise, unless the judges thereof were disqualified by the supposed interest, in cases where the penalty is given to the town. But this objection, we think, is obviated by a well-settled rule, founded as well on reason as authority, that a minute, theoretic, and remote interest, arising from a possible participation in penalties, either payable to the town, county, or state, does not disqualify one from acting as a judge, when all are so interested, who can act, and when the law would remain unexecuted without it. *Commonwealth* v. *Ryan,* 5 Mass. 90; *Hill* v. *Wells,* 6 Pick. 104.

We may go further, and add, that it being quite competent for the legislature to provide, as they have in many cases, that such a municipal, minute interest, shall not disqualify a judge, juror, appraiser, or other similar officer, that when a jurisdiction is given to a magistrate, who, by force of the same act, may have such remote municipal interest, it was their intention to remove such disqualification.

By the act amending the revised statutes, it is expressly provided that no person shall be disqualified from acting as a

magistrate, juror, appraiser, or officer of any kind, in any suit or process in which the city of Boston is interested, by reason of any interest that he may have as an inhabitant of the said city. Rev. Sts. c. 90, § 124, p. 808.

This provision applies, it is true, to the city of Boston only; but it declares a general principle, that when the legislature consider the exigency such as to make such a provision expedient, they may do so by an act of legislature manifesting such intention.

On the whole, the court are of opinion that the judge of the police court of Lowell had exclusive jurisdiction of the offence for which this prosecution was instituted; that the judge was not divested of that jurisdiction by any supposed interest which he had in the penalty by reason of his being a tax-paying inhabitant of said city; that Timothy Pearson, Esq. though a justice of peace of the county of Middlesex, but living in Dracut, had no such jurisdiction, and, on these grounds, that the                     *Judgment must be arrested.*