## COMMONWEALTH *vs.* AMOS E. REED.

The twenty-eighth section of *c.* 95 of the Rev. Sts. which provides that " in indictments and penal actions for the recovery of any sum of money or other thing forfeited, it shall not be a cause of challenge to any juror, that he is liable to pay taxes in any county or town, which may be benefited by such recovery," is no violation of art. 29 of the Declaration of Rights, securing to every citizen " the right to be tried by judges as free, impartial and independent, as the lot of humanity will admit."

INDICTMENT on *St.* 1852, *c.* 322, § 12, against the defendant as a common seller, with additional counts on § 7 for single and specific sales.

On empanelling the jury in the court of common pleas, held by *Bishop,* J. " it appeared that two of the jurymen were inhabitants of Greenfield, the town where the defendant lived, and where the offence was committed, and that said jurymen were tax-payers, and interested in the fine and forfeitures and bond which might follow a conviction. The defendant objected to said jurymen as being disqualified. The objection was overruled by the presiding judge." The defendant, being found guilty by the jury, alleged exceptions.

*W. Griswold,* for the defendant. The two jurymen who were inhabitants and tax-payers in the town where the defendant lived, and where the offence was committed, were disqualified to sit in the case, by reason of their interest in the penalties which might follow a conviction. The legislature have no constitutional power to make interested jurors competent, except where it is necessary to prevent a failure of justice. *Hesketh* v. *Braddock,* 3 Bur. 1847. Declaration of Rights, art. 29. Rev. Sts. *c.* 95, §§ 14, 28; *c.* 90, § 124, p. 808. *Commonwealth* v. *Ryan,* 5 Mass. 90. *Hill* v. *Wells,* 6 Pick. 104. *Commonwealth* v. *Worcester,* 3 Pick. 462. *Pearce* v. *Atwood,* 13 Mass. 324. *Lincoln* v. *Prince,* 2 Mass. 544. *Boston* v. *Tileston,* 11 Mass. 468. *Hawkes* v. *Kennebeck,* 7 Mass. 461. *Gage* v. *Gannet,* 10 Mass. 176. *Commonwealth* v. *Stowell,* 9 Met. 572. *Flagg* v. *Worcester,* 8 Cush. 69. *Commonwealth* v. *Emery,* Middlesex, 1853.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

MERRICK, J.  The jurors objected to had no interest in the event of the prosecution, unless the town of which they were inhabitants would or might have derived some benefit or gained some advantage by the conviction of the defendant.  The statute defines the instances when, and the manner in which, prosecutions for the violation of its provisions may result beneficially to municipal corporations.  All penalties and forfeitures, arising under the seventh section, may be recovered by an action of debt in the name of the city or town where the offence was committed, or by complaint before any justice of the peace or judge of a police court of the county, to the use of the city or town in which the convicted party resides.  § 8.  But the town or city where the offence was committed is to receive and have whatever forfeitures may be incurred upon all the bonds and recognizances which are given in pursuance of the act.  § 9. These seem to be the only provisions in the statute, by force of which municipal corporations can derive any advantage under it, as the result either of private suits or of public prosecutions.

The present proceeding against the defendant being by indictment, and not by action of debt or by complaint before a magistrate, and its object not being the recovery of any forfeited bond or recognizance, it is at least doubtful whether it can in any event be of any advantage to the town of Greenfield.

But if it be assumed that that corporation will be entitled to receive the fine or penalty which may be imposed upon the defendant in case of his conviction, and that therefore the two jurors objected to had, as inhabitants of the town, some, though an inconsiderable, interest in the event of the prosecution against him, still his objection to their competency was properly overruled, because, by our law, such an interest did not disqualify them from acting in that capacity.  It is expressly provided by § 28 of *c.* 95 of the revised statutes, that "in indictments and penal actions for the recovery of any sum of money or other thing forfeited, it shall not be a cause of challenge to any juror, that he is liable to pay taxes in any county or town which may be benefited by such recovery."  And it is conceded by the defend-

40 *

ant, that his objection is fully met and obviated by this statute, if it is allowed to have the force and effect of law, but he denies the constitutional right of the legislature to enact it.

We do not think that this can be considered as a difficult, or at the present time, as hardly an open question. Laws of the same general character, and intended to have a similar effect, have frequently, and at different periods in our legislative history, been enacted. The jurisdiction given to the police and municipal courts in Boston, of cases arising under the statute of 1785, c. 66, concerning illegitimate children; the general provision relative to magistrates, jurors, appraisers, and other officers, in suits and processes in which the town or city of Boston is interested; St. 1815, c. 103; Rev. Sts. c. 90, § 124, p. 808; and the special authority conferred on the justices in most, if not in all, of the statutes creating police courts in the different towns and cities where they are established, may be mentioned as instances of similar legislation.

The validity of these statutes, and others having a like effect, has been recognized and affirmed by frequent judicial decisions. The question was raised and carefully considered in the early case of the *Commonwealth* v. *Ryan*, 5 Mass. 90. There the jurors by whom the indictment was found, and those by whom it was tried, were all inhabitants of the then town of Boston, to whose use the penalty for the offence was given. The objection taken to the jurors was not sustained. And Parsons, C. J. in giving the opinion of the court, said that " the law must be considered as repelling the objection of interest." And he added, " there can be no good reason why the legislature may not constitutionally provide that a remote and small corporate interest shall not be a legal objection to a juror's trying a cause, in which the defendant may be sentenced to pay for the use of the Commonwealth a fine imposed by a public statute." This decision was subsequently recognized as resting upon a sound and safe principle, and the opinion was distinctly expressed, that a statute declaring that any interest, which an inhabitant of the city of Boston might have, in a penalty to be recovered by indictment, should not be a disqualification, disabling him to act as a juror

was a valid and constitutional provision. *Commonwealth* v. *Worcester*, 3 Pick. 462. And in another case, it was said to be too plain to be doubted, that a statute giving jurisdiction in criminal cases to police courts, the justices of which had an interest, as members of a municipal corporation, in the fines imposed upon or recovered of offenders, was a constitutional and proper act. *Hill* v. *Wells*, 6 Pick. 104. To the same effect also is the reasoning and the opinion of the court in *Commonwealth* v. *Emery*, Middlesex, 1853.

It is certainly true, and we should never fail to affirm, that it is a duty imposed upon the legislature to provide for the administration of justice, as far as may be practicable, judges and jurors impartial and independent, and free from the influence and bias of every species of interest. But absolute exemption is not always possible; and exemption from an interest which is only theoretic or imaginary, or which is so remote and trifling and insignificant, that it may fairly be supposed to be incapable of affecting the judgment or of influencing the conduct of an individual, is not essential. Fines, which, when recovered, go into the treasury of the State, affect every citizen; those which are received by a particular municipal corporation, affect only such as through taxation contribute to the payment of the charges it incurs. Such an interest as arises from that cause is remote and minute; and it may well devolve upon the legislature to determine if it ought to disable an otherwise impartial citizen from serving in the capacity of a juror. The rule established by such authority must, in general, be the guide by which courts of law will be controlled. It is not indeed impossible, that through accident, or even under the guise of necessity, a statute might be enacted in violation of the great principle asserted in the constitution, that " it is the right of every citizen to be tried by judges as free, impartial and independent as the lot of humanity will admit." Declaration of Rights, art. 29. But this is not to be presumed. Nothing of that kind appears in the statute under our present consideration. Should such an act of legislation ever be found to exist, we may safely anticipate that it will be held to be inoperative and void.

*Exceptions overruled.*