THOMAS HUSH *vs.* EDWARD L. SHERMAN.

Prior to the time when the General Statutes went into effect, a magistrate had no jurisdiction to try a defendant charged with keeping an unregistered dog, in violation of *St.* 1859, *c.* 225, § 9, in the town in which the magistrate lived.

TORT against a trial justice, for false imprisonment.

At the trial in the superior court, it appeared that the plaintiff was arrested in July 1859, on a warrant issued by the defendant, who was an inhabitant of Plymouth, charging him with keeping an unregistered dog in that town, in violation of *St.* 1859, *c.* 225, § 9. The plaintiff made no objection, at the trial, to the jurisdiction of the magistrate, and was found guilty and sentenced to pay the fine imposed by statute for that offence, to the use of the town, and costs; and was committed to jail for a failure to perform the sentence. On these facts, *Russell,* J. ruled that the

action could not be maintained; and the plaintiff became non-suit, and alleged exceptions.

*G. Marston,* for the plaintiff.

*C. G. Davis,* for the defendant.

METCALF, J.   By *St.* 1859, *c.* 225, § 9, on which this case is to be decided, the forfeiture of ten dollars for keeping a dog not registered, numbered, described and licensed, is to be recovered to the use of the town wherein the dog was kept.   The justice (the defendant) who tried the complaint against the plaintiff was an inhabitant of the town wherein the plaintiff's dog was kept, was therefore interested in the result of the complaint and trial, and had not jurisdiction of the case.   His interest was very minute, and now, by the Gen. Sts. *c.* 122, § 13 would not disqualify an inhabitant of a town, by reason of his interest as an inhabitant, to act as a magistrate in a proceeding in which the town might be interested.   But previously to the taking effect of the General Statutes, on the first day of June 1860, a magistrate had jurisdiction of no case in which he had any interest, however small, unless by some statute provision, express or necessarily implied.   *Pearce* v. *Atwood,* 13 Mass. 324.   *Gifford* v. *White,* 10 Cush. 494.   *Commonwealth* v. *Ryan,* 5 Mass. 90.   *Commonwealth* v. *Worcester,* 3 Pick. 462.   *Commonwealth* v. *Emery,* 11 Cush. 406.

It has been argued for the defendant, that he had no interest in the forfeiture, as an inhabitant of the town of Plymouth, because the amount of forfeitures recovered under *St.* 1859, *c.* 225, is, by § 6 of that statute, to be expended in paying the owners of sheep killed or injured by dogs, and therefore the words " to be recovered to the use of the town " should be held to mean that the forfeitures are to be paid into the town treasury as a fund for the payment of damages suffered by the owners of sheep ; for which damages a town is not liable, and for the payment of which a town could not legally raise money by a tax, nor legally appropriate money already in its treasury.   And there might be weight in this argument, if all that is recovered of the owners or keepers of dogs, as forfeitures, were required to be applied exclusively towards the payment of such damages.

But such is not the statute requisition. The sums recovered as forfeitures are always to be paid into the town treasury; but the appropriation thereof towards payment of damages sustained by the owners of sheep depends on contingencies, as is manifest from §§ 6 and 8 of the statute. If no sheep are killed or injured in the town by dogs — or if, when they are so killed or injured there, the owners do not, within the time limited by the statute, present to the town officers proof of the damage they have suffered — or if they seek redress for such damage by suit against the owners of the dogs concerned in doing the damage — the amount of the forfeitures will be in the treasury, under no restriction of its appropriation, besides that of the general law. And so it would be if the owners of sheep should obtain redress from the owners of dogs, without suit.

The court cannot hold that the defendant had no interest in the case which he tried, merely because it might happen that the forfeiture would be appropriated towards the payment of the losses of individuals, for which the town, as a town, would not be liable. It might happen otherwise. See *Piper* v. *Pearson,* 2 Gray, 120.                                    *Exceptions sustained.*