Hillsborough County Probate Court
No. 79-294

EDWARD C. ROSS & a.

v.

PHILIP A. CARLINO

June 25, 1980

*Clancy & O'Neill*, of Nashua (*Frank B. Clancy* orally), for Edward C. Ross, contestant.

*Spaloss & Rosson*, of Nashua, by brief for the Nashua Association for Retarded Children, Inc., contestant.

*Daniel W. O'Shaughnessy*, of Manchester, by brief and orally, for Irene Dove, proponent.

PER CURIAM. This case was here last year and was returned to the probate court to determine whether a third witness was in fact unavailable and, if not, whether she was a " 'credible,' meaning competent, witness . . . as required by RSA 551:2." *Ross v. Carlino*, 119 N.H. 126, 129, 399 A.2d 292, 295 (1979). On remand, the Court (*Copadis*, J.) conducted a hearing and found that the witness was unavailable and was "not a credible witness within the meaning of RSA 551:2."

However, the court granted proponent's request #13 that "Blakesley was not incompetent at the time of her attestation." This presents a seeming inconsistency because the word "credible" within the context of RSA 551:2 means competent. *Ross v. Carlino supra; Eustis v. Parker*, 1 N.H. 273, 274 (1818). We were of the opinion that we made this clear when the case was here before.

■ The court granted various requests in which the phrase "credibility or competency" was used. It also made several other requested findings that the witness lacked the requisite mental capacity to attest that the deceased executed the will, that she neither had knowledge of its contents nor possessed the mental capacity to sign. We are satisfied that the probate court understood "credible" to mean "competent" and found that the third witness, Blakesley, did not meet the requirements of RSA 551:2. The granting of request #13 stands alone in the face of these various findings and we are satisfied that it was granted by error or through misunderstanding.

*Appeal dismissed.*