TIMOTHY DIVENY, Respondent, v. THE CITY OF ELMIRA, Appellant.

A resident and a tax-payer of a city is incompetent as a juror in an action wherein the city is interested, except in an action to recover a penalty or forfeiture (2 R. S., 557, § 2), unless by provision of the city charter such disqualification is removed.

The object of the provision of the charter of the city of Elmira (§ 5, title 4, chap. 139, Laws of 1860), providing that the city shall be regarded as a town under the provisions of title 4, chap. 7, part 3 of the Revised Statutes respecting the return of jurors, was simply to provide for such return, and does not make the provisions of the Revised Statutes in regard to the competency of jurors in actions wherein towns are interested (1 R. S., 357, § 4; 2 R. S., 420, § 58) applicable to actions in which the city is interested.

Under the charter of said city, which makes it the duty of the common council to repair its streets and walks, the city is liable for injuries resulting from the negligence of said common council in permitting a sidewalk to remain out of repair.

(Submitted October 4, 1872; decided January term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the sixth judicial district in favor of the plaintiff, entered upon an order denying a motion for a new trial and directing judgment upon a verdict.

The action was brought to recover damages alleged to have been sustained by plaintiff by reason of his falling through, down or upon a defective sidewalk in the city of Elmira, in the month of July, 1864.

The action was tried at the Circuit and a verdict was rendered for the plaintiff, whereupon the court ordered a stay of proceedings, and that a motion for a new trial upon a case and exceptions be heard in the first instance at the General Term.

The facts appear sufficiently in the opinion.

*Hart & Tomlinson* for the appellant.    None of the jurors drawn were actually incompetent by reason of being "residents and tax-payers of the city." (1 R. S., 5th ed., part 1, title 5, chap. 11, § 4; 1 id., part 1, chap. 12, title 3, § 4; 3 id., part 3, chap. 7, title 4, art. 4, § 124; 3 id., chap. 8, title 17, § 2; S. L., 1864, chap. 139, title 2, § 17; id., title 3, § 11.)    Plaintiff's negligence contributed to the injury and he should have been nonsuited. (*Havens* v. *Erie R. W. Co.*, 41 N. Y., 296; *Ernst* v. *H. R. R. R. Co.*, 39 id., 61; *Warner* v. *N. Y. C. R. R. Co.*, 44 id., 465.)    If plaintiff knew the sidewalk was in an unsafe condition, it was his duty to avoid it; and a neglect to do so is clearly negligence. (*Clark* v. *City of Lockport*, 49 Barb., 580; *Clancy* v. *Byrne*, 58 id., 449; *Center* v. *Finney*, 17 id., 94; *Carolus* v. *Mayor, etc.*, 6 Bosw., 15; *Burdick* v. *Erie R. Co.*, 4 A. L. J., 140; *Cox* v. *Westchester Turnpike Co.*, 33 id., 414; *Wilson* v. *Charlestown*, 8 Allen, 137; *Horton* v. *Ispwich*, 12 Cush., 488; *Raymond* v. *Lowell*, 6 id., 524.)

*Smith, Robertson & Fassett* for the respondent.    If the city charter only gave the common council the power to keep the sidewalks in repair, and did not in terms make it their duty, this action would lie. (*Hutson* v. *Mayor of N. Y.*, 5 Seld., 163; 3 Hill, 612; 1 Denio, 601; *Wendell* v. *Mayor, etc., of Troy*, 39 Barb., 329; *Barton* v. *City of Syracuse*, 37 id., 292; affirmed 36 N. Y., 54; *Wallace* v. *Mayor of New*

*York*, 9 Abb., 40; *Lloyd* v. *Same*, 1 Seld., 369; *Hyatt* v. *Vil. Rondout*, 44 Barb., 385; affirmed in Ct. Apps. Sept., 1869; *Conrad* v. *Vil. Ithaca*, 16 N. Y., 158; *McCarthy* v. *City Syracuse*, 46 N. Y., 194; *West* v. *Trustees, etc., Brockport*, 16 id., 161, note, 170; *Davenport* v. *Ruckman*, 16 Abb., 341; 10 Bosw., 20; affirmed 37 N. Y., 568; *Requa* v. *City Rochester*, 45 id., 129; *Rochester White Lead Co.* v. *City of Rochester*, 3 Comst., 464; *Lacour* v. *Mayor, etc.*, 3 Duer, 406; 1 Denio, 601; *Barton* v. *City of Syracuse*, 37 Barb., 292.) Defendant can make no distinction which helps them between sidewalks and the roadway of the street. (2 Hill, 466; 3 id., 612; 9 Abb., 40; 16 id., 341; 37 N. Y., 568.) That the duty of repairing sidewalks may be imposed by ordinance upon adjoining owners, does not touch the question of defendant's liability. (9 Abb., 40; 16 id., 341; 37 N. Y., 568; 2 Hill, 466; 3 Barb., 329.) Defendant had ample notice of the condition of the walk. (16 Abb., 341; 10 Bosw., 20; 5 id., 497; 37 N. Y., 568; 37 Barb., 292; 39 id., 229, 230; 43 How., 366.) Plaintiff was only required to use in passing over the sidewalk the care a prudent man would exercise. (Shear & Red. on Neg., 30, § 31.) This was a proper question for the jury to consider. (24 How., 172.) By common law the jurors drawn from the city were incompetent on the ground of interest. (2 J. R., 195; 19 id., 122.)

EARL, C. The action was brought to trial in the city of Elmira, and the case states that when the cause was moved for trial twelve jurors were drawn and answered to their names; and thereupon plaintiff's counsel objected to six of the jurors, on the ground that they were incompetent by reason of their being residents and tax-payers of the city of Elmira. The defendant's counsel claimed and insisted to the court that the six jurors were not incompetent for the reason stated, and objected to their being excused or excluded from the jury; but the court sustained the objection and held the six jurors to be incompetent to serve on the trial for the

reason stated, and discharged them from the jury, and ordered the clerk to draw six other jurors in their stead who were not residents and tax-payers of the city, which was accordingly done, and the jurors thus empanneled were sworn to try the cause. Defendant's counsel excepted to these rulings of the court, and this exception raises the most important question for our consideration upon this appeal.

The case states that plaintiff's counsel "objected" to the jurors, not that he "challenged" them; but to challenge a juror is to object to him as incompetent for some reason. And the objection here was understood to be a challenge, and was treated as such and disposed of as such; and hence we must treat this objection as if it were a formal challenge.

The case does not show how it was made to appear to the court that the six jurors were residents and tax-payers of the city. The plaintiff's counsel objected to them for that reason. Defendant's counsel claimed that they were not incompetent for that reason, and the court for that reason held them to be incompetent. The fact was not denied, and was assumed by all parties to be true, and hence we must assume it to be true.

The question, therefore, to be determined is, whether a resident and tax-payer of the city was incompetent as a juror upon the trial of this action. The object of the law is to procure impartial, unbiased persons for jurors. They must be *omni exceptione majores.* They must have no interest in the subject-matter of the litigation. In this case, a verdict against the city would impose additional burdens upon all the tax-paying residents thereof. Hence such residents are, at common law, incompetent to serve as jurors in a case to which the city is a party, or in which the city is directly interested. In Coke upon Littleton (157, *a* and *b*, it is said: "If a body politick or incorporate, sole or aggregate of many, bring any action that concerns their body politick or incorporate, if the juror be of kindred to any that is of that body (although the body politick or incorporate can have no kindred), yet for that those bodies consist of natural persons, it is a principal challenge;" "if a juror be within the hundred, leet, or any other

way within the seigniory immediately or mediately, or any other distress of either party, this is a principal challenge;" "in a cause where a parson is party, and the right of the Church Committee in debate, a parishioner is a principal challenge." (See also Bacon's Ab'g, Juries, *e*.)

In *Commonwealth* v. *Ryan* (5 Mass., 90), the defendant was indicted for keeping a billiard table, and was tried in the Municipal Court, held in Boston. The penalty for the offence was a fine of fifty dollars for the use of the town. After conviction, the defendant moved to quash the indictment on the ground that the foreman of the grand jury who found the bill was a taxable inhabitant of the town, and thus interested in his conviction. Chief Justice PARSONS, in writing the opinion of the court, says: "Considering the question abstractedly, there certainly was an interest in all the grand jury, as inhabitants of Boston, to recover this penalty from the defendant. This interest at common law would be a sufficient objection, and it now is, unless by the necessary construction of our statutes this objection is removed."

In *Wood* v. *Stoddard* (2 Johns., 195), the action was *qui tam*, under the act for preventing usury, which gave a moiety of the sum to be recovered to the poor of the town where the offence was committed, and the other moiety to the person prosecuting, and it was held a good cause of chal lenge against the jury that they were inhabitants of the town, on the ground that jurors must be free from all exception, and wholly disinterested. Many statutes recognizing this common law disability of jurors have been enacted to remove it. It is provided (1 R. S., 397) that, "on the trial of any action in which a town shall be a party or be interested, the electors and inhabitants of such town shall be competent witnesses and jurors, except that in suits and proceedings by and against towns no inhabitant of either town shall be a juror;" and that "on the trial of every action in which a county shall be interested the electors and inhabitants of such county shall be competent- witnesses and jurors" (1 R. S., 385); and that in penal actions for the recovery of any sum it shall not be a

good cause of challenge to the jurors summoned, etc., that such juror, etc., is liable to pay taxes in any town or county which may be benefited by such recovery" (2 R. S., 420), and that "no inhabitant of any town, city or county shall be disqualified as a juror or witness, in any cause brought to recover any penalty or forfeiture, on the ground that such penalty or forfeiture is to be applied for the benefit of such town, city or county, or for the benefit of the poor thereof." (2 R. S., 551.)

It will be seen that none of these provisions except the last has any reference to cities, and that the last has reference only to actions to recover a penalty or forfeiture. These six jurors were not therefore rendered competent by any of these provisions, and it only remains to inquire whether there was anything in the charter of the city which rendered them competent in this action.

By the city charter (Laws of 1860, ch. 139), the prior village charter was necessarily abrogated, and the village was absorbed into the city. By the village charter (Laws of 1850, ch. 185, tit. 7, § 2), it was provided that "no person shall be an incompetent judge, justice, witness or juror by reason of his being an inhabitant or freeholder in the village of Elmira in any action or proceeding in which the said village shall be interested," but this provision was not incorporated into the city charter. By the city charter (tit. 4, § 5), it is provided that "the city shall be regarded as a town under the provisions of title 4, chap. 7, third part of the Revised Statutes, respecting the return of jurors, and the supervisors and clerks of said city shall perform the duties thereof as enjoined upon the supervisors, assessors and town clerks of the several towns of this State." The portion of the Revised Statutes here referred to has reference to the returning, summoning, and drawing jurors, and contains no provision for removing the incompetency of jurors on account of interest in any case. The only object of this provision in the charter was to provide the method for returning jurors, so that they could be

drawn and impanneled for the trial of actions in courts of record.

The charter provides for the election of justices of the peace clothed with authority to hear and try actions in the same manner as justices of towns, and the city may sue before such justices to recover penalties and forfeitures, and such suits must be tried like civil actions before justices of towns. The defendants in such action may, of course, demand jury trials, and jurors must be summoned from the city, and cannot be summoned elsewhere. Hence it may well be that in such actions before justices of the peace the incompetency of juries on account of interest is by implication removed, for otherwise the justices would be practically deprived of jurisdiction to try the causes which are authorized to be commenced before them. (*Commonwealth* v. *Ryan, supra.*) But there is no such practical difficulty in courts of record held in the city, and hence there is no reason for holding that in actions tried in them, in which the city is interested, the incompetency of jurors on account of interest has been removed. I therefore conclude that the common-law rule of incompetency on account of interest applied to these jurors, and that they were properly challenged and excluded. Whatever inconvenience may flow from such a holding may be remedied by the legislature. We must administer the law as we find it.

The accident to the plaintiff happened upon one of the sidewalks of the city, and the evidence tended to show that it had been badly out of repair from the middle of May to the time of the injury in July; that the planks were loose, some half broken, some worn out, some were rotten, and some would lift up when stepped on; that some of the stringers were loose and rotten. The accident occurred in the day-time when the plaintiff was walking upon the sidewalk with another person. As they were passing along, one of the planks sprung up, tripped the plaintiff, and he fell down, receiving the injury complained of. The plaintiff knew of the bad condition of the walk, but it did not appear that at the time of the acci-

dent he was guilty of negligence or lacked the ordinary care and prudence which the circumstances demanded.

By the charter the common council were constituted commissioners of highways for the city, clothed with all the power and charged with all the duties of commissioners of highways of towns, and it was specially made their duty to make, amend and repair the streets and walks of the city. That under such circumstances the city is liable in this action is too well settled to require further examination. (*Hutson* v. *Mayor, etc., of N. Y.,* 9 N. Y., 163; *Hyatt* v. *Village of Rondout,* 44 Barb., 385; *Conrad* v. *Village of Ithaca,* 16 N. Y., 158; *McCarthy* v. *City of Syracuse,* 46 id., 194.)

The other exceptions contained in the case have been considered, and finding none of them well taken, it follows tha the judgment must be affirmed with costs.

All concur except GRAY, C., not voting.

Judgment affirmed.