DANIEL BELTON, Appellant, v. EDWARD W. BAXTER et al., Respondents.

Plaintiff in attempting to cross Second avenue in the city of New York, was run against and injured by defendants' cart. In an action to recover the damages, plaintiff testified, in substance, that as he reached the crossing, he saw approaching on the avenue, a horse car, and behind it the cart, both moving at an unusual rate of speed. He calculated that he had time to pass in front of the car; as he approached the track the car slackened a little and he lost sight of the cart; he passed in front of the car, when he was struck by the cart. Plaintiff testified that he did not think it possible as he lost sight of the cart that it could get around the car in that short space of time; and upon cross-examination, that he was pretty near the car so that he just lost sight of the cart then, and he supposed the cart turned off the track when the car slackened; that he did not suppose it would turn out and " catch him up." *Held*, that the evidence did not conclusively establish, nor was it necessarily to be inferred therefrom, that the plaintiff knew or had reason to believe, at the time of his attempt to cross, that the cart had turned off and was passing the car, and that the question of contributory negligence was one of fact for a jury, and a nonsuit, error.

When the evidence is conflicting, is capable of different interpretations, or the inferences to be drawn from it are doubtful, it is the province of the jury to pass upon it.

*Belton* v. *Baxter* (54 N. Y., 245) distinguished.

(Argued September 24, 1874; decided October 6, 1874.)

APPEAL from a judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of defendant, entered upon an order nonsuiting plaintiff upon trial.

This action was brought to recover damages for personal injuries received by plaintiff in consequence of being run against by defendants' cart. The principal evidence as to the injury was that of plaintiff, who testified, in substance, that on the 28th March, 1868, between six and seven P. M., he was walking easterly on Fourth street in the city of New York; that as he came near Second avenue he saw coming up the avenue toward him a street car, which was then down to Third street, and behind this in the track, a furniture cart; that he walked rapidly to get before the car, and kept his eye on the cart all the time he could until he came close to the

crossing of the track, when he lost sight of it; that he crossed just at the head of the car when up came the cart; that he thought it not possible that the cart could get around the car in that short space of time, but it came very fast; that the car slackened up a little at the lower side of Fourth street, but had not stopped; that as soon as he passed the car he saw the cart, but it was driving so fast and so close to the car that he could not avoid it, and he was struck by it and injured. On the cross-examination he testified that he concluded there was room enough for him to pass in front of the car and cart; that when the car slackened up he was pretty near to it, so that he just lost sight of the cart then; that the cart turned off on the right side as he supposed; that he did not know where it was when he lost sight of it; that he did not suppose it could get up with the car before he crossed and "catch me up;" that when he crossed, the heads of the car horses were not more than two or three feet from him; that there was not room enough between the car and the cart for him to stand in.

At the close of the evidence, defendants' counsel moved to dismiss the complaint upon the ground, among others, that plaintiff's negligence contributed to the injury, which motion was granted and plaintiff's counsel excepted.

*Samuel Hand* for the appellant. The question of contributory negligence was one of fact. (*Hackford's case*, 53 N. Y., 654; *Welch's case*, 33 id., 610; *Maginnis' case*, 52 id., 215; *Burton* v. *N. Y. C. R. R.; Freeman* v. *Same*, Ct. of App., unreported; *Directors, etc.*, v. *Wanless*, L. R. [Eng. Ap.], 12; *Baxter* v. *Second Avenue R. R.*, 3 Robt., 219; *Dunn* v. *Same*, 2 Daly, 127.)

*Nathaniel C. Moak* for the respondents. The question of plaintiff's negligence is *res adjudicata*, and cannot be reconsidered. (54 N. Y., 245; *Oakley* v. *Aspinwall*, 13 id., 500, 504; *Vallejo* v. *Wheeler*, 1 Cowp., 153; Ram Legal Judgments, 24, 25, 199, 200; *Edwards* v. *Cameron's R. R.*, 15 Jurist, 471; *Woodruff* v. *Woodruff*, 52 N. Y., 53; *James* v.

*Patten*, 6 id., 9.) The question of contributory negligence here was one of law. (*Phillips* v. *Rensselaer*, 49 N. Y., 177; *Gorton* v. *E. R.*, 45 id., 660; *Morse* v. *E. R.*, 65 Barb., 490, 493; *Gonzales* v. *N. Y. and H. R. R.*, 38 N. Y., 440; *Stevens* v. *O. and S. R. R. Co.*, 18 id., 422.) The granting the nonsuit was proper. (*Wilds* v. *H. R. R. R. Co.*, 24 N. Y., 430; 29 id., 315; *Lomer* v. *Meeker*, 25 id., 361; *Thevings* v. *C. P. R. R. Co.*, 7 Robt., 618; *Cotton* v. *Wood*, 8 C. B. [98 Eng. C. L.], 572.) The burden of showing he was not negligent was upon plaintiff. (*Britton* v. *H. R. R. R. Co.*, 18 N. Y., 248; *Honeyberger* v. *Second Avenue*, 2 Abb.; *Murphy* v. *Dunn*, 101 Mass., 455, 460; *L. S. and M. S. R. R.* v. *Miller*, 25 Mich., 274.) If guilty of any contributory negligence, plaintiff cannot recover. (*Havens* v. *E. R.*, 41 N. Y., 208, 209; *Button* v. *H. R. R. R. Co.*, 18 id., 248; *Gonzales* v. *N. Y. and H. R. R. Co.*, 38 id., 440; *Wilcox* v. *R. and W. R. R.*, 39 id., 358; *Wilds* v. *H. R. R. Co.*, 24 N. Y., 430.) Plaintiff was guilty of negligence. (54 N. Y., 246, 248; *Wilds* v. *H. R. R. R.*, 29 id., 315; *Ernst* v. *H. R. R. R.*, 39 id., 61; *Barker* v. *Savage*, 45 id., 192, 196; *Haight* v. *N. Y. C. R. R.*, 7 Lans., 11; *Williams* v. *Richards*, 3 C. & K., 82; *Hawkins* v. *Cooper*, 8 C. & P., 473, 474; *Woolf* v. *Beard*, id., 373; *Luxford* v. *Large*, 5 id., 421; *Unger* v. *Forty-second St. R. R. Co.*, 51 N. Y., 497; *Curtis* v. *Detroit*, 27 Wis., 127; 25 Mich., 274.)

Allen, J. ·That there was evidence of negligence on the part of the defendants' servant to carry the case to the jury cannot, upon the record before us, be controverted, and the court properly refused the nonsuit asked for, on the ground alleged that there was no evidence of negligence in the driving of defendant's vehicle. The only question is, whether the evidence so conclusively established negligence on the part of the plaintiff, contributing to the injury, as to authorize the court to take the case from the jury and dismiss the complaint for that reason.

Upon a former appeal in this action, it was held that the plaintiff should have been nonsuited upon his own showing,

the learned commissioners of appeals holding that, under the circumstances then appearing in evidence, the plaintiff was culpably negligent in attempting to cross the street upon mere calculations of the chances of injury. (*Belton* v. *Baxter*, 54 N. Y., 245.)

If the evidence upon the second trial had been the same as upon the first, the plaintiff would have been concluded by this adjudication. The question recurring in the same action, between the same parties, would have been *res adjudicata* in this, and in all other courts, by the judgment of the court of last resort.

The main fact relied upon by the court, as establishing, beyond question, a want of proper care and prudence on the part of the plaintiff, was that he undertook to pass in front of the street car and the defendant's cart, both passing up Second avenue at an unusual rate of speed, knowing that the cart had turned off of the railroad track to the east, with a view to pass the car, and was then in the act of passing it. It may be conceded that this was a legitimate and necessary inference from the testimony of the plaintiff himself upon the first trial. After having stated that the cart was out of his sight when the car was approaching the crossing of Fourth street, in answer to the question: "It had passed upon the other side of the car?" the plaintiff answered: "It must have done so; I can't tell." To the question: "If the cart was going a little faster than the car?" he answered: "Yes." The next question was: "Then it passed behind, on the other side of the car, as they came near Fourth street?" and to this the plaintiff answered: "Yes, sir." The plaintiff also testified that he made his calculations on getting across in front of the car before the cart would come up. This is the substance of the evidence on the first trial, which was regarded as conclusively showing negligence on the part of the plaintiff, based upon his supposed knowledge that the cart had turned to the right of the car and was passing it. On the second trial this testimony is explained. The plaintiff says that he watched the cart all the time he could, until he

came very near the crossing of the track, when he lost sight of it, as he might well have done, although it remained on the railroad track. The line of vision may well have been such that he could not see the cart on the same line with the car, he standing or being near the track, and in front of the car. He said he did not think it possible then, as he lost sight of the cart, that it could get around the car in that short space of time. He says, on cross-examination, that he was pretty near the car, so that he just lost sight of the cart then, and he supposed that the cart turned off the track when the car slackened. This must have been so, or it could not have come in collision with the plaintiff, and the answer was proper whether he had any other knowledge of the fact or not. He says, expressly, in answer to the interrogations of the defendants' counsel, that he did not know where the cart was when he lost sight of it, and did not suppose it would turn out to the right and catch him up. This evidence, not in the case upon the former appeal, takes from the statements of the plaintiff much of their point and significance, as these statements were read and interpreted by the court. Upon the whole evidence before us, it is not conclusively shown, or necessarily to be inferred that the plaintiff knew, or had reason to believe at the time of his attempt to cross the avenue, that the cart, instead of following the car, had turned off, and was passing it. If such was the fact, it is not sworn to by the plaintiff, neither is it a necessary inference, as was held to be the case upon the evidence before the court on the former appeal. If the fact is to be inferred from the evidence, it must be drawn by a jury, and not by the court. The court can only take cases from a jury, by nonsuiting the plaintiff, when the facts are undisputed. If the evidence is conflicting, is capable of different interpretations, or the inferences to be drawn from it are doubtful, it is the province of the jury to pass upon it. So, too, upon the evidence before us, differing as it does from the case as reported 54 New York (*supra*), whether it was prudent or imprudent for

the plaintiff to attempt to cross the avenue, under all the circumstances, will be for the jury to determine.

The result shows that the plaintiff was correct in his calculations that he could pass in front of the car safely, and whether he was also bound, as a prudent man, to anticipate the coming up of the cart at an unusual speed, and guard against it, the court cannot, as a question of law, determine. It is peculiarly a question of fact for the jury, and not one of law for the court, under the circumstances of this case. The evidence is so essentially different from that upon the former trial, that it is taken out of the former decision, and the alleged negligence of the plaintiff is not so clearly and conclusively established, as to authorize the withdrawal of the case from the jury. It was error to nonsuit the plaintiff on that ground. The judgment must be reversed, and a new trial granted.

All concur.

Judgment reversed.