MARY A. CLEMENCE, Respondent, *v.* THE CITY OF AUBURN, Appellant.

A party to an action tried by jury, who has not, by treating the questions in the case as purely legal, and by acquiescing in their disposal by the court as such, assumed that there was no disputed question of fact for the jury, but who has been nonsuited upon the motion of his adversary over his objection and exception, may insist, upon appeal, not only that the judge at Circuit erred in the application of the law to the facts as found by him, but that he erred in his conclusions of fact, or that there were disputed questions of fact which should have been submitted to the jury; he is not concluded by an omission to request the court to submit the whole case or any particular question of fact therein.

As to whether, when the absolute duty is imposed by law upon a city to construct and keep in repair the sidewalks therein, it is not liable for injuries resulting from the improper construction of a sidewalk, although the work was done in accordance with the directions of its common council, *quære.*

In an action to recover damages for injuries sustained by plaintiff from falling upon a sidewalk on one of defendant's streets, plaintiff's evidence tended to show that a sidewalk had been laid at a grade fixed, that in consequence of the raising of an intersecting street a new grade was necessary and had been fixed by the common council. A portion of the walk was built upon the new grade, and where the old and the new walk came together there was a difference of several inches; the chairman of the street committee of the common council directed that a stone, to join the old and new walks, be laid at a slope of six inches, in about three feet and a half, an angle much greater than that on either side; upon this stone plaintiff slipped and fell. The stone had been suffered to remain several years; similar casualties had occurred, and the evidence tended to show that it was unsafe for persons passing over it, whose attention was not particularly called to the difference. The court directed a nonsuit, on the ground that the common council acted judicially in establishing the grade, and the sidewalk having been built in conformity therewith, defendant was not liable; *held,* error; that it could not be assumed that the chairman of the street committee was authorized to change the grade, or that it was changed by direction of the common council; that the injury was not in consequence of any action of the common council establishing a grade, but resulted from the manner of constructing the sidewalk in violation of the requirements of the common council, and the cause of action, if any, was for neglect to remedy the defect; that if the walk was, in fact, in an unsafe condition, defendant was liable; and that that question was, upon the evidence, one of fact for the jury.

(Argued May 25, 1876; decided June 6, 1876.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, setting aside a non-suit on trial at Circuit, and granting a new trial. (Reported below, 4 Hun, 386.)

This action was brought to recover damages for injuries received by plaintiff from falling upon a sidewalk on State street, in the city of Auburn, which, it was alleged, was improperly constructed and was negligently suffered to remain in an unsafe condition. The accident occurred at a place on the west side of State street, a short distance north of Genesee street, where there was a steep grade in the walk. A number of years prior to the time the accident happened the walk south of the place had been laid at a grade as it was then fixed. After that time Genesee street had been raised, and this necessitated a change in the grade of State street. This was fixed by the common council, the grade north of Genesee declining at the rate of three-quarters of an inch to a foot. Above four or five years prior to the accident a walk was constructed from Genesee street north upon the grade as so fixed. Where the new walk approached the old, it was noticed that there would be a difference of several inches in the elevation of the old and new walks at the point of union. The attention of the chairman of the street committee of the common council was called to it, and by his direction the two walks were joined by a stone about three and a half feet wide, laid at a slope or grade of six inches to the three and a half feet of its width. Plaintiff, passing over this stone when it was covered by a light fall of snow, slipped, fell and was injured. The evidence tended to show that the stone so laid was unsafe and insecure for persons passing over it if their attention was not particularly called to the abruptness of the change in grade, and that other casualties, similar to that which injured plaintiff, had there happened. At the close of the evidence, defendant's counsel moved for a nonsuit upon the ground, among others, " that the constructing of this sidewalk upon the grade upon which it was put, was a quasi-judicial act ; that the sidewalk was not out of repair, and was

not allowed to be out of repair, but was constructed with the best material for sidewalks to be found in the country; that it was well laid; that the common council having established the grade, and it having been built in accordance with that grade, it is not the province of the jury to review the judicial actions of the common council; that the common council had the right to exercise a discretion in fixing the grade, and that, having exercised that discretion, the city could not be held liable."

Upon this ground the court granted the motion, to which plaintiff's counsel duly excepted. Exceptions were ordered to be heard at first instance at General Term.

*Nathaniel C. Moak* for the appellant. Plaintiff cannot now complain that the case should have been submitted to the jury. (*Mallory* v. *Tioga, etc.,* 5 Abb. [N. S.], 420; *Clark* v. *Mayor, etc.,* 24 How. Pr., 333; *Winchell* v. *Hicks,* 18 N. Y., 558; *O'Neil* v. *James,* 43 id., 85; *Barnes* v. *Perine,* 12 id., 18; *People* v. *Cook,* 8 id., 78; *Dows* v. *Bush,* 28 Barb., 180; *Beekman* v. *Bond,* 17 Wend., 444; *Shafer* v. *Guest,* 35 How Pr., 189.) The common council having acted judicially in establishing the grade of the sidewalk, defendant is not liable. (*Mills* v. *City of B'klyn,* 32 N. Y., 497; *Wilson* v. *Mayor, etc.,* 1 Den., 595; *Kavanagh* v. *City of Brooklyn,* 38 Barb., 232; *Radcliff* v. *Mayor, etc.,* 4 Comst., 195; *White* v. *Corpor. Yazoo City,* 27 Miss., 357; *Lansing* v. *Smith,* 8 Cow., 146; *St. Louis* v. *Gurno,* 12 Mo., 414; *Lambar* v. *City St. Louis,* 15 id., 610; *Alexander* v. *City Milwaukee,* 16 Wis., 247; *O'Conner* v. *City Pittsburgh,* 18 Penn., 187; *Holmes* v. *Mayor of Knoxville,* 1 Humph., 403; *Clark* v. *City of Wilmington,* 5 Har., 243; *Roberts* v. *City of Chicago,* 26 Ill., 249; *Sutton* v. *Clark,* 6 Taunt., 29; *Fitch* v. *Comrs., etc.,* 22 Wend., 135; *People* v. *Comrs., etc.,* 27 Barb., 94, 100; *Jenkins* v. *Waldron,* 11 J. R., 120; *Vanderhuyden* v. *Young,* id., 159; *Harman* v. *Brotherson,* 1 Den., 539; *Freeman* v. *Cornwall,* 10 J. R., 470; Dil. on Mun. Corp. [1st ed.], 214, § 177; *Duke* v. *Mayor, etc.,* 20 Ga., 635.)

*F. D. Wright* for the respondent. Facts proved but not pleaded afford no defence. (*Allen* v. *Mer. Ins. Co.*, 46 Barb., 657; 20 id., 468; 6 N. Y., 179; 2 id., 606; 12 id., 9; 25 id., 266.) The exception to the decision of the court granting the motion for a nonsuit was sufficient. (*Sheldon* v. *At. F. Ins. Co.*, 26 N. Y., 460; *Stone* v. *Flower*, 47 id., 566; *Frecking* v. *Rolland*, 53 id., 422.) A municipal corporation having decided to construct and undertake public improvements acts ministerially and is liable in damages to a person injured by the unskillful, negligent or unsafe construction of them or failure to keep them in proper condition. (S. & R. on Neg. [3d ed., 1874], 183, § 124; 4 Abb. Dig. [new ed.], 460, § 144; *Roch. W. L. Co.* v. *City of Rochester*, 3 N. Y., 463; *Huston* v. *Mayor*, 9 id., 163; *Conrad* v. *Village of Ithaca*, 16 id., 158; *Weeks* v. *Trustees, etc.*, id., 161; *Barton* v. *City of Syracuse*, 37 Barb., 293; 36 N. Y., 54; *Lewenthal* v. *Mayor, etc.*, 61 Barb., 511; Alb. L. J., Dec. 26, 1874, pp. 401–403.) Defendant was bound to construct its streets and sidewalks safely and keep them in safe condition. (2 Dil. on Mun. Corp., 911, 912, §§ 789–791; Whart. on Law of Neg. [1874], § 772; 4 Abb. Dig. [new ed.], 285, § 35; *Wallace* v. *Mayor, etc.*, 18 How. Pr., 169; 2 Hilt., 440; *Morey* v. *City of Troy*, 61 Barb., 598; *Allentown* v. *Kramer*, 73 Penn., 406; *Chicago City* v. *Robbins*, 2 Black, 422; Cook's Highway Laws [1870], 205; *Tripp* v. *Seymour*, 37 Me., 250; 2 Add. on Torts [D. & B. ed.], 1311, 1312; *Wilson* v. *City of Watertown*, 5 Parson's S. C. R., 579; 3 Hun, 508; *Hudson* v. *Mayor, etc.*, 9 N. Y., 163; *Davenport* v. *Ruckman*, 37 id., 568; *Berme* v. *Dist. Columbia*, 13 Alb. L. J., 274.) A municipal corporation has no power to make or maintain a nuisance, and if it does is liable for injuries resulting therefrom. (*Mills* v. *City of Bklyn.*, 32 Barb., 500; *S. Bridge Co.* v. *L. Bd. of Health*, 8 E. & B., 801; Whart. on Law of Neg., 262, §§ 262, 266; Viner's Abr., Nuisance, F.; 2 Dil. on Corp., 624, § 521; *People* v. *Corp. of Albany*, 11 Wend., 542; *City of N. Y.* v. *Furze*, 3 Hill, 614; 3 Black. Com., 215; 2 Greenl. Ev., 381, § 415; 37 N. Y., 568; 16 Abb., 341; *Mills* v. *City of*

*Bklyn.*, 32 N. Y., 489; *Kavanaugh* v. *City of Bklyn.*, 38 Barb., 232 ; *Wilson* v. *Mayor, etc.*, 1 Den., 595.)

ALLEN, J.   Every question is open to the plaintiff which can fairly be raised upon the record.   If in any view of the evidence a verdict might have been rendered for the plaintiff or if there were questions of fact which might have been determined for the plaintiff and which, if determined in her favor, would have entitled her to recover, the case should not have been taken from the jury by a nonsuit.   The plaintiff did not assent to any proposition of fact assumed either by the counsel for the defendant or the court, and is not concluded by omitting to request that the whole case or any particular question of fact should be submitted to the jury.   She neither requested or consented that the court should pass upon the facts and, the nonsuit having been granted *in invitum*, she has a right to controvert every proposition, whether of fact or of law, upon which the nonsuit was based.   In the cases in which a different rule has been held the party has by his own action, directly or indirectly, assumed that there was no disputed question of 'fact for the jury by treating the questions as purely legal and acquiescing in the disposal of them by the court.   *Barnes* v. *Perine* (2 Kern., 18), *Winchell* v. *Hicks* (18 N. Y., 558), *O'Neill* v. *James* (43 id., 84), and the other authorities relied upon by the counsel for the appellant, were cases of this character.   Where a party is nonsuited upon the motion of his adversary, over his objection and exception, he may insist, upon a review of the decision, not only that the judge at Circuit erred in the application of the law to the facts as viewed by him but that he erred in his conclusions of fact or that there were disputed questions of fact which should have been submitted to the jury.

The duty of the defendant to keep the streets and sidewalks in the city, including that upon State street, in good repair and to have the sidewalks constructed properly and so as to be reasonably safe for public travel thereon is expressly admitted by the answer.   The only material fact in issue was as to

the proper construction of the sidewalk at the place of the injury, and whether it was in good order and repair and constructed upon a proper and reasonably safe grade. The plaintiff was nonsuited upon the ground that the common council of the city, in the performance of what was termed a "quasi-judicial" act, had established the grade of the sidewalk and that it had been built in accordance with that grade and that the jury could not review the "judicial actions" of the common council, who had a discretion in the matter, and that the city could not be held liable for the mistaken exercise of that discretion.

It is very doubtful whether, under the issue made by the pleadings, this question was properly in the case. It is also questionable whether, the absolute duty being imposed by law upon the city to construct and keep in repair the sidewalks, the city would not be liable to any one traveling thereon for injuries resulting from an improper construction of the walks, whether in respect to grade, material or other thing; in other words whether, the duty being conceded, it is not absolute to make them reasonably safe for public travel. The cases which hold that individuals are not entitled to compensation for incidental and consequential damages to property, resulting from public works constructed under authority of law and in the exercise of a discretion committed to public officers, are not necessarily decisive of the question as stated. Such are the cases relied upon by the counsel for the appellant. (*Childs* v. *Boston*, 4 Allen, 41; *Wilson* v. *Mayor, etc., New York*, 1 Den., 595; *Radcliff's Exrs.* v. *The Mayor, etc., Brooklyn*, 4 Com., 195; *Mills* v. *Brooklyn*, 32 Barb., 489.) Upon the evidence in this case this question, so earnestly and ably discussed by the counsel for the appellant, is not presented. The evidence comes far short of proving that the sidewalk, at the particular place of the injury, was upon the grade or at an angle as fixed by the common council; but on the contrary it is very evident that it was laid at an entirely different angle and grade from that which had been ordered. The evidence is that the walk north of the place in

question had been laid at a grade fixed sometime previous; that before the walk south of the place of injury and extending to Genesee street was built, the latter street had been raised and a different grade of State street north had been made necessary, and had been fixed by the common council. Upon the construction of the sidewalk from the intersection of State and Genesee streets upon the new grade it became necessary either to relay the walk to the north or make a connection between the two sections of the walk by laying a space of about four feet at a grade and angle much greater and sharper than that on either side. Mr. Carpenter, a witness, states when, by whom, under what circumstances and for what reasons the stone bridging this four feet and connecting the different levels of the two sections of the walk was placed, and negatives the idea that it was pursuant to the directions of the common council and to conform that part of the walk to the line or level fixed by it. It would require record evidence to convict a body exercising the powers of a local legislature of the superlative folly of directing a sidewalk to be built with the different stones of which it was made placed at different angles and degrees of inclination, or to be built in sections of different grades, and to overcome the discrepancy by the insertion of a stone at an inclination dangerous to persons using it in the dark or when it was wet. That would not be to grade the walk, which consists in reducing the street to such a degree of inclination as to fit it for use by those having occasion to pass over it. The defect in this walk was in the construction and not in the act of the council in determining and directing the grade. It was not done by authority of the common council, but by direction of one of its members and to relieve a lot owner from relaying the walk opposite his premises; and there was proof tending to show that it was unsafe and insecure for persons passing over it if their attention was not particularly attracted to the abruptness of the change in grade; that it had been suffered to remain in that condition for several years; and that casualties similar to that which befell the

plaintiff had happened on more than one occasion. The common council had performed its duty in fixing a grade for the sidewalk upon the whole length of the block, but they had suffered it to be built in part upon an entirely different grade, and this difference in grade between the different parts to be overcome by a sudden and abrupt descent from the upper to the lower level. It cannot be claimed that the natural formation of the street was such as to justify a resort to any such expedient; neither can it be assumed that any grade which a common council would fix for such a place would authorize different parts of the same walk to be at different angles, making a dangerous descent from one part to the other necessary. The defect in the sidewalk resulting in the injury to the plaintiff was not in consequence of the improper action of the common council in fixing a grade or in the grade actually fixed, but the improper and defective manner of constructing the sidewalk with a view to evade and thwart the action of the common council, and in violation of its requirement. The principal point taken by the counsel for the appellant, and that mainly relied upon by him, being out of the case, it follows that it should have been submitted to the jury, that they might determine whether the sidewalk was in proper repair and in a safe condition, and whether the injury to the plaintiff was caused solely by such defect in the sidewalk, or whether her own negligence and want of care contributed to it, and it was error to nonsuit.

The case is directly within a large class of cases holding that for any neglect or omission of duty on the part of municipal corporations in keeping and maintaining the streets and sidewalks in safe condition for use, in the usual mode, by travelers, the corporation is liable for any injuries to individuals resulting therefrom. (Dillon on Munic. Corp., 753; *Hutson* v. *New York*, 5 Seld., 163; *Weet* v. *Brockport*, 16 N. Y., 161; *Rochester White Lead Co.* v. *Rochester*, 3 Com., 463; *Conrad* v. *Ithaca*, 16 N. Y., 159; *Barton* v. *Syracuse*, 37 Barb., 292; Aff., 36 N. Y., 54; *Chicago* v. *Robins*, 2 Black, 418; *Diveny* v. *Elmira*, 51 N. Y. 506; *Hines* v.

*Lockport*, 50 id., 236.) This walk had been permitted to remain for a long term in its unsafe condition, and was constructed under the eye, if not under the direction, of the ministerial officers of the city charged with the duty of keeping and maintaining the streets in repair, and no question could be made as to the liability of the city for neglect of duty if the walk was in fact in an unsafe condition; and whether it was in such unsafe condition was, upon the evidence, a proper question for the jury.

The order granting a new trial must be affirmed and judgment absolute for the plaintiff.

All concur.

Order affirmed and judgment accordingly.