THE MECHANICS AND TRADERS' BANK OF JER-SEY CITY, Appellant, v. HENRY DAKIN and others, Respondents.

*Conflicting decisions of Court and Commission of Appeals — duty of trial court.*

Upon an appeal from a judgment entered upon an order dismissing the complaint in this action, the Commission of Appeals granted a new trial, holding that upon the facts proved the action could be maintained; after the argument, and before the decision of this case, the Court of Appeals, in a case then before it, decided that such an action could not be maintained. Upon this case coming on for a new trial, *held*, that, as the Court of Appeals had decided that such an action could not be maintained, such decision became the law of the State, and as such binding upon this court and the parties to this action, and that a judgment entered upon an order dismissing the complaint herein was proper, and should be affirmed. (Davis, P. J., dissenting.)

Appeal from a judgment entered upon an order dismissing the complaint herein. This action was commenced by the plaintiff to set aside as fraudulent an assignment of a mortgage executed by the defendant Dakin to the defendant Jewell, and to subject the same to the lien of an attachment obtained by the plaintiff in another action against the defendant Dakin, in which he had recovered a judgment on which an execution had been issued. The Commission of Appeals decided (51 N. Y., 519), that the action could be maintained, and reversed a judgment in favor of the defendant ordering a new trial.

*F. Shepard*, for the appellant.

*Wm. H. Arnoux*, for the respondents.

Daniels, J.:

Upon the first trial of this action the complaint was dismissed for the reason that it was considered that such an action could not properly be maintained. The Commission of Appeals reversed the judgment entered on that dismissal, and held that the action could be maintained. (*The Mechanics and Traders' Bank of Jersey City* v. *Dakin*, 51 N. Y., 519.) The case was argued before the decision of the case of *Thurber* v. *Blanck* (50 id., 80), which held the law to be the other way, and that such an action could not be maintained. After both decisions had been made this action came on for trial under the reversal of the judgment, and the direction of a new trial by the Commission of Appeals, and upon that trial the complaint was again dismissed, for the reason that the decision made by the Court of Appeals was to be considered and followed as the controlling authority. The plaintiff has again appealed, claiming that the decision of the Commission of Appeals has settled the question of its rights to maintain the present action against the defendants, and that this decision must be followed notwithstanding the contrary has been held by the Court of Appeals. In support of the appeal, authorities have been cited which maintain the position that a decision made in a case by one appellate tribunal will not be reconsidered in the same case by another having co-ordinate authority, when it may be pending upon another appeal, for the reason that the decision actually made will be held to be *res adjudicata* between the parties to it, and conclusively controlling upon them. (*Justice* v. *Lang*, 52 N. Y., 323; *Terry* v. *Wait*, 56 id., 91; *Belton* v. *Baxter*, 58 id., 411.) These authorities sustain that proposition, but they were not affected by the circumstance existing in this case, that the continuing court of last resort had, in the mean time, held the law to be different from the annunciation previously made of it. That distinguishes the present case from those cited in support of the appeal, and it is a circumstance whose effect cannot properly be disregarded, for it is clear now, from the effect of the last decision made, that the law was erroneously expounded in the decision made in this case. As the principle is now established by a decision which must be binding upon the court of last resort for the time being, the present action cannot be maintained. That has now become as much the law of the State as

though it had been declared by an act of the legislature enacted at the same time, and it was operative and binding on the Special Term when this cause last came on for trial. That court was bound to administer the law as it was then found to exist. The case was before it on its merits, and the Court of Appeals had held that such an action could not be maintained. That was, at the time, the law of the State, and in its administration the court could do no less than to dismiss the complaint. It would be entirely unreasonable for the court to hold that this action could be maintained, when all others depending on a similar state of facts must be dismissed, as would have been the case if the decision of the Commission of Appeals had been followed. There can be but one prevailing rule of law upon the same subject at the same time, and that which for the time exists should be followed as controlling. If no change had been made, the Court of Appeals would not have disturbed the conclusion of the commission in this case, even if that had been considered of doubtful soundness. But, without any application of that nature having been made, a general rule has been promulgated having the effect of abrogating that conclusion, and it cannot be supposed that the court will now allow this case to be disposed of by the application of a principle held not to be the law of the State. It would involve an inconsistency which would subject the administration of justice to merited condemnation. That such an alternative would be tolerated is not to be supposed. For that reason the parties should not be subjected to the delay and expense, which would be caused by a judgment at this time in the plaintiff's favor conformably to the decision of the Commission of Appeals, and its subsequent reversal and the direction of another trial by the Court of Appeals, for the purpose of governing its disposition by the rule which that tribunal has now established as the law. The course taken at the trial was a more proper one, of applying the law to the facts, as that has finally become established by the determinations of the court of last resort.

The judgment appealed from should be affirmed.

Brady, J., concurred.

Davis, P. J. (dissenting):

When this case was before the Commission of Appeals, that court, in respect to it, was not only the court of last resort, but was possessed of the supreme and exclusive jurisdiction to determine the questions involved in the particular case. The court held that the plaintiffs could maintain this action, and reversed the judgment of the Supreme Court (which had dismissed the complaint), and ordered a new trial. (51 N. Y., 510.) This appeal is from the judgment of the Special Term rendered upon the new trial thus ordered. It appears that subsequently to the argument of this case in the Commission of Appeals, the case of *Thurber* v. *Blanck*, which involved the same question, was argued before the Court of Appeals, and the question involved in both cases was under consideration at the same time by both tribunals. The case in the Court of Appeals was first decided, and the opinion of that court appears in 50 N. Y., 80. That decision, it seems, was not brought to the notice of the Commission of Appeals before judgment was pronounced in this case. The decisions of the two courts are in direct conflict. The only question presented on this appeal is, which of these decisions was obligatory upon the Special Term on the trial of this action. The Special Term held that it was bound to follow the decision of the Court of Appeals in *Thurber* v. *Blanck*, and accordingly dismissed the plaintiff's complaint. The question in the case was not one of *stare decisis*, but of *res adjudicata* between the parties to a particular action. The decision of the Court of Appeals in *Thurber* v. *Blanck* (*ubi supra*), and which has been substantially reiterated in *Lynch* v. *Crary* (52 N. Y., 183), is undoubtedly the law of the State to be followed in those and all subsequently occurring cases; but those decisions are not at all at war with the doctrine of *res adjudicata* as between the parties to an action, when the same question in the same case is brought to the consideration of an inferior tribunal upon a retrial of the action. Nor is the question what the court of last resort may or ought to do in the particular case, when it again reaches that tribunal, properly before the subordinate court upon such retrial. Both by reason and authority, the court in which the retrial is had is bound, by the doctrine of *res adjudicata*, to accept the law of the case as established by the appellate tribu-

nal. Hence we think that the Special Term should, in this case, have received the law as settled by the Commission of Appeals, without looking beyond the decision of that court to ascertain what another tribunal had decided in other cases. It was not the duty of the Special Term to pass upon the merits of the two conflicting decisions, but to respect the decision of the Commission of Appeals as establishing the law applicable to the facts of the case before it, and to be applied thereto by all subordinate tribunals. This rule has been, as we think, established and applied by the Court of Appeals in several cases where the decisions of the Commission of Appeals were sought to be reviewed upon subsequent appeals in the same actions. In *Terry* v. *Wait* (56 N. Y., 91), which was a case that went down for a new trial upon the decision of the Commission of Appeals, and came before the Court of Appeals after the second trial, the latter court said : " Without intimating doubts as to the correctness of the decision of the commission, we decline to interfere with it on the ground that it is an adjudication between the same parties in the same case, upon the very point which we are now asked to consider." And upon motion for a reargument of that case the court reiterated its refusal to review the decision. In *Justice* v. *Lang* (52 N. Y., 323), which was a second appeal of the same case to the Court of Appeals, the court held that its former decision (reported in *Justice* v. *Lang*, 42 N. Y., 493), must be regarded as the law of the case, and the judge who delivered the opinion said : " The question is not merely whether the case as reported is an authority to be followed as a precedent, but whether the judgment is not to be regarded as final in the same case, and between the same parties, in the absence of any new evidence or other circumstance to take it out of the rule." The court held in another case recently before it (*Sackett* v. *Ayrault*), " that it would not reconsider the question deliberately decided by the court upon a former appeal in the same case, but would adopt and follow such decision. Whether, therefore, the case was well decided as reported in 42 New York, will not be considered." And in *Belton* v. *Baxter* (58 N. Y., 411), which is a case in which the Commission of Appeals had reversed the judgment and ordered a new trial (as will appear by *Belton* v. *Baxter*, 54 N. Y., 245), the Court of Appeals on appeal from such new trial say : " Upon the former

appeal in this action, it was held that the plaintiff should have been nonsuited upon his own showing, the learned Commission of Appeals holding that under the circumstances then appearing in evidence, the plaintiff was culpably negligent in attempting to cross the street upon the mere calculation of the chances of injury;" and that "if the evidence upon the second trial had been the same as upon the first, the plaintiff would have been concluded by this adjudication. The question recurring in the same action between the same parties, would have been *res adjudicata* in this and in all other courts, by the judgment of the court of last resort." These cases we think are sufficient adjudications of the rule to require us to reverse the judgment of the court below. They are not without abundant authority and support. In *Martin* v. *Hunter's Lessee* (1 Wheaton, 355), the court say : " In ordinary cases a second writ of error has never been supposed to draw in question the propriety of the first judgment, and it is difficult to see how such a proceeding could be sustained upon principle. A final judgment of this court is supposed to be conclusive upon the rights which it decides." (See *Hopkins* v. *Lee*, 6 Wheat., 113 ; *Ex parte Sibbald*, 12 Peters, 492 ; *Washington Bridge Co.* v. *Stewart*, 3 How. [U. S.], 413 ; *Roberts* v. *Cooper*, 20 id., 480 ; see also *Akerly* v. *Vilas*, 24 Wis., 165, where the effect of the doctrine of *res adjudicata* in the same action between the same parties is very fully and ably considered.) It is not for us to determine whether the Court of Appeals under the peculiar circumstances of this case, ought or ought not to regard itself bound by the decision of the Commission of Appeals. That is a question which peculiarly belongs to that tribunal as the court of last resort, and no subordinate tribunal is justified in anticipating what its ruling may be. We think that the learned judge below erred in anticipating that the Court of Appeals would take this case out of the established doctrine of *res adjudicata*, and that it is our duty to correct the error, leaving to the court of last resort the province of subjecting the case, if it think proper to do so, to the general law of the State as is now settled by its own decisions. I think the judgment ought to be reversed and new trial ordered with costs to abide the event.

Judgment affirmed.