LEONARD J. O'NEILL, Appellant, *v.* THE THIRD AVENUE RAILROAD COMPANY, Respondent.

*Damages for personal injuries — grounds for a verdict — inference against the party failing to produce a witness.*

In an action brought to recover damages for personal injuries the court charged the jury that the plaintiff must show that he was free from fault, and that the defendant was at fault, and that where a person is interested in an action it is for the jury to say, after hearing his testimony, what credit they will give to the same.

No exception to the charge was taken by the plaintiff, and a verdict was rendered for the defendant.

*Held,* that the jury was at liberty to find a verdict for the defendant upon either of such propositions.

The court also ruled, at the request of the defendant, that the non-production of a witness who knew nothing of the accident did not justify an inference against the defendant.

*Held,* that such ruling was proper.

APPEAL by the plaintiff, Leonard J. O'Neill, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 10th day of March, 1893, upon the verdict of a jury rendered after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 25th day of April, 1893, denying the plaintiff's motion for a new trial.

The following is the direct evidence given upon the trial of this action by William H. Truman, a witness called by the defendant:

"*Direct examination by* Mr. COHEN: I live at 1118 Third avenue; I am clerk of the Third Avenue Railroad Company, investigation of accidents, collisions, &c. Q. What are the rules with regard to the reporting of accidents by your conductors and drivers of the road? [Objected to as incompetent. Objection overruled. Exception.] A. The rule is that no matter how slight an accident is it must be reported. Q. Must be reported to whom? A. To me, at the office, on regular blanks, and the occasion. Any man not to have made a report of an accident, no matter how slight, is discharged immediately. [Latter part objected to and moved to be stricken out. Objection overruled. Exception.] Q. Do you keep books there? A. There is. Q. With reports in them? A. Yes, sir. Q. Did you ever receive a report of an accident on the 18th of September, on the Bowery? [Objected to. Objection overruled. Exception.]

"BY THE COURT: Q. Of this occurrence? A. No, sir; not of this occurrence. Q. You have heard the details, what it was, substantially? A. Yes, sir."

*Rufus O. Catlin,* for the appellant.

*William N. Cohen* and *Frederick P. Delafield,* for the respondent.

PRATT, J.:

This was an action for damages for personal injuries. The material allegation in the complaint is as follows: "That when said car slowed up sufficiently for that purpose plaintiff started and undertook to get off, but while in the act of stepping down from said car into the street the said defendant negligently, carelessly and recklessly started, increased and accelerated the speed of said car."

As to the course, manner and result of the accident, the plaintiff was the principal witness in his own behalf, and he was not contradicted or impeached, nor was he corroborated upon some vital points in the case. It is not very clear that the plaintiff was free himself from negligence which contributed to the accident, but that question was submitted to the jury under the following words: "This

plaintiff must show you that he was free from fault here, and that the defendant was at fault," so that in that regard the plaintiff had no cause of complaint.

The court also said in its charge " where a person is interested in an action it is for the jury to say, after having heard his testimony, what credit they will give to it." The plaintiff took no exception to the charge, and the jury were at liberty to find a verdict for the defendant upon either of the above propositions. (*C. N. Bank* v. *Diefendorf*, 123 N. Y. 191–200; see, also, *Belton* v. *Baxter*, 58 id. 411, and *Hart* v. *H. R. B. Co.*, 80 id. 622.)

The only further questions available to plaintiff to reverse that judgment are those relating to rulings upon the admission and rejection of evidence upon the trial.

The evidence of the clerk as to the rule about reporting cases, and that the office had received no report, we think was relevant and properly admitted when all the facts and circumstances of the case are considered. It was proving the absence of a circumstance which would naturally follow if the contention of the plaintiff were true.

The ruling of the judge, made at request of the defendant, that " The non-production of witnesses who know nothing of the accident does not justify an inference against the defendant," is too plainly right to require comment.

The judgment should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment and order affirmed, with costs.