LIZZIE A. CONKLIN, Respondent, *v.* THE CITY OF ELMIRA, Appellant.

*Negligence — a person falling upon an icy sidewalk — proximate and contributing causes.*

In an action based upon the alleged negligence of a municipality, it appeared that the roots of a tree had made a sidewalk uneven; that over this an icy ridge had formed which had existed for several weeks, and that the plaintiff, just after a snow storm, slipped upon the icy ridge then covered and concealed by the freshly-fallen snow.

*Held,* that the city was liable;

That the proximate cause of the accident was the dangerous sidewalk, made still more so by its covering of ice and by the light snow which hid the ice.

APPEAL by the defendant, The City of Elmira, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 7th day of December, 1895, upon the verdict of a jury rendered after a trial at the Chemung Circuit, and also from an order entered in said clerk's office on the 11th day of May, 1896, denying the defendant's motion for a new trial.

*Dennis P. Lynch,* for the appellant.

*Wilmot E. Knapp,* for the respondent.

LANDON, J.:

The plaintiff, about ten o'clock in the morning of March 2, 1895, was walking upon the north side of West Fourth street in the city of Elmira, when she stepped upon the top of an icy ridge in the sidewalk, and her foot slipped into a depression by the side of the ridge and she fell and broke her left arm. The icy ridge was formed over the bricks of the walk, which had been upheaved by the roots of a large elm tree standing near the place where she fell. The elevations and depressions in the brick walk caused by the roots of the tree were of long standing. They were covered with ice two or three inches thick, formed of the melted and trodden snow, and, except as affected by the snow which had fallen the previous evening, had been substantially in the same condition for several weeks *previous to* March second. The newly-fallen snow had been cleared from the walk in part, but snow enough remained, or fell after the

cleaning, to hide the ice. The plaintiff testified that she noticed the roughness in the walk and tried to be careful, but did not see the ice until her elbow, upon which she fell, brushed the snow from it. The inequality in the walks made the ice the more dangerous, a danger which was increased by the thin layer of freshly-fallen snow which concealed it.

It is not a case of uncertainty between two proximate causes, for one of which the city would be liable and not liable for the other, but it is a case where three causes concur, namely, the bad sidewalk, the snow and the ice, and, as we should hold after verdict, without the bad walk the injury would not have happened. It is plain that each cause made the other worse.

The real proximate cause, however, was the bad sidewalk, which, as should have been foreseen, had become more dangerous by its covering of ice, and still more dangerous by the light snow hiding the ice. It is unlike *Taylor* v. *City of Yonkers* (105 N. Y. 202) in that here the condition of the permanent walk was the proximate cause or one of the concurring proximate causes.

We think the case was one for the jury.

The judgment should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.