Heffernan, J.
(dissenting). The plaintiffs are husband and wife.
On the afternoon of February 1, 1947, the plaintiff wife was walking in a southerly direction along a public sidewalk on the westerly side of Church. Street in defendant village. The weather was clear and the temperature below freezing. The sidewalk in question consists of concrete flagstones five feet in width and runs in a northerly and southerly direction, and on the day of the accident was covered with snow and ice.
While crossing one of the flagstones plaintiff fell and, it is said, sustained serious injuries. Thereafter she instituted this action for the recovery of damages for her personal injuries and her husband brought suit for the loss of the wife’s services and for the expenses incurred in her treatment and care. The complaints are based on the theory of negligence and nuisance on the part of defendant.
By consent the actions were consolidated and tried together. At the close of their case, on motion of defendant, the Trial Judge, nonsuited plaintiffs and from that judgment they have come to this court.
In reviewing the ruling of the trial court the plaintiffs are entitled not only to the most favorable interpretation of the testimony adduced by them, but to the benefit, as well, of the most favorable inferences which may reasonably be drawn from that testimony; and judgment of nonsuit may not be sustained in any case in which, by any logical process of reasoning, an issue of fact may be found.
The proof discloses that the flagstone upon which the wife fell abuts a vacant lot on the westerly side and the easterly side thereof is adjacent to a large elm tree, thirty six inches in diameter. This flagstone was tilted or raised, transversely of the length of the sidewalk, to such an extent that the easterly end near the tree was six inches higher than at the westerly end, and the slope of the flagstone at this point was one and one-fifth inches to the foot. When the sidewalk was constructed this flagstone was level. It is conceded that the tilting of the stone was caused by the roots of the elm tree. It is also undisputed that this condition of the walk had existed for many years so that defendant’s officials were chargeable with notice of its defective condition. On behalf of plaintiffs an expert witness testified that the sidewalk at the point of the accident was in an unsafe and dangerous condition.
We are in accord with defendant’s contention that plaintiffs may not recover damages because of the presence of snow and *114 ice on the sidewalk, due to their failure to comply with section 341-a of the Village Law. That section provides, in substance, that no action shall be maintained for damages for personal injuries sustained solely in consequence of the existence of snow and ice on any sidewalk unless written notice thereof was actually given to the board of trustees of the village. It is conceded that no such notice was given.
Plaintiffs, however, are not attempting to charge defendant with liability because of the icy condition of the walk. Defendant has an obligation to keep its streets and sidewalks in a reasonably safe condition for the protection of the public.
Plaintiffs assert that the variance of six inches, in a width of five feet, in the stone, in a transverse direction, constitutes negligence on the part of defendant.
Defendant is relying on several authorities. Clemence v. City of Auburn (66 N. Y. 334) and Taylor v. City of Yonkers (105 N. Y. 202) are quite irreconcilable. The problem is not, as Judge Finch supposes in the Yonkers case (p. 209), to segregate the part played by the slope from the part played by the ice and snow. This, as he says, would be the merest speculation. The problem is, rather, whether in a climate such as ours, with the certainty of snowfall, the slope would be regarded by the reasonably prudent man as dangerous. In the Auburn case there was a light fall of snow on the sloped surface (p. 335). Conklin v. City of Elmira (11 App. Div. 402) is close to the present case in its facts and distinguishes the Yonkers case.
It seems to us that whether the condition of this flagstone was sufficient to render the walk unsafe and dangerous was not a question of law for the court to decide, but a question of fact for determination by a jury. There is evidence in the record from which a jury might find that the proximate cause of the accident was the defective condition of the sidewalk made more so by the presence of ice thereon. The question of the contributory negligence of the wife was also one of fact.
The judgment should be reversed on the law and a new trial granted, with costs to appellants to abide the event.
Brewster and Deyo, JJ., concur with Santry, J.; Heffernan, J. P., dissents, in an opinion in which Bergan, J., concurs.
Judgment affirmed, with costs.